RAÚL R. LABRADOR
ATTORNEY GENERAL

JAMES E. M. CRAIG, ISB #6365
Chief, Civil Litigation and
Constitutional Defense

AARON M. GREEN, ISB #12397
KYLE D. GRIGSBY, ISB #10709
Deputy Attorneys General
Office of the Attorney General
P.O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
james.craig@ag.idaho.gov
aaron.green@ag.idaho.gov
kyle.grigsby@ag.idaho.gov

*Attorneys for Defendants Members of the Idaho Board of Medicine, 41 County Prosecutors and Proposed Intervenor Raúl Labrador*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| STACY SEYB, M.D.<br>*Plaintiff,*<br>v.<br>MEMBERS OF THE IDAHO BOARD OF MEDICINE, in their official capacities; *et al.,*<br>*Defendants,* | Case No. 1:24-cv-00244-BLW<br>**ATTORNEY GENERAL RAÚL LABRADOR'S ANSWER** |

For his Answer, Attorney General Raúl Labrador states as follows as to the numbered paragraphs in the Amended Complaint, Dkt. 56.

## PRELIMINARY STATEMENT[1]

1. The Attorney General denies the allegations in paragraph 1. The Attorney General affirmatively alleges that abortion as proscribed by Idaho law is the unjustified killing of a human being.
2. The Attorney General denies the allegations in paragraph 2. The Attorney General affirmatively alleges that abortion as proscribed by Idaho law is the unjustified killing of a human being.
3. The Attorney General admit only that the two citations to Idaho Code proscribe abortions in certain circumstances. The Attorney General denies all other allegations in paragraph 3.
4. The Attorney General denies the allegations in paragraph 4. The Attorney General affirmatively alleges that abortion as proscribed by Idaho law is the unjustified killing of a human being.
5. The Attorney General admit that *Dobbs v. Jackson Women's Health Organization*, 597 U.S. 215 (2022) is controlling authority and held that the Due Process Clause of the Fourteenth Amendment does not confer a right to an abortion. The Attorney General denies all other allegations in paragraph 5.

[1]The Attorney General uses these headings from the Amended Complaint for the benefit of the reader and deny any allegations therein unless expressly admitted.

6. The Attorney General admits that *Dobbs* is controlling authority but denies all other allegations in this paragraph.
7. This paragraph and its subparts are a request for relief and no response is required. To the extent a response is required, The Attorney General denies that Plaintiff is entitled to any relief whatsoever.
8. The Attorney General denies the allegations in paragraph 8.
9. The Attorney General denies the allegations in paragraph 9.
10. The Attorney General denies the allegations in paragraph 10. The Attorney General affirmatively alleges that the repeal of abortion bans would not achieve justice for all Idaho residents because doing so would permit the unjustified killing of the youngest, smallest, weakest and most defenseless Idaho residents.

**JURISDICTION, VENUE, AND RIGHT OF ACTION**

11. The Attorney General denies that the court has jurisdiction over Attorney General in this action. The Attorney General admits jurisdiction only insofar as is necessary to defend the constitutionality of state law.
12. The Attorney General admits venue is proper, without waiving any challenge by The Attorney General to the Court's jurisdiction.
13. The Attorney General admits that 42 U.S.C. § 1983 is cited. The Attorney General denies all other allegations in paragraph 13.
14. The Attorney General admits that 28 U.S.C. §§ 2201-2202 and F.R.C.P. 57 are cited. The Attorney General denies all other allegations in paragraph 13.

## PARTIES

15. The Attorney General admits that Plaintiff is a physician licensed to practice medicine in Idaho and is board certified in maternal-fetal medicine. The Attorney General denies that Plaintiff is prevented by Idaho law from providing appropriate care. The Attorney General denies that Plaintiff has first-party or third-party standing. The Attorney General lacks sufficient knowledge as to the truth or falsity of the remaining allegations in this paragraph and therefore denies the same.
16. The Attorney General lacks sufficient knowledge as to the truth or falsity of the remaining allegations in this paragraph and therefore denies the same.
17. The Attorney General admits that certain sections of Idaho Code are cited, the number of members of the Board, and that Plaintiff purports to sue the Board Members in their official capacity. The Attorney General denies all other allegations in paragraph 17.
18. The Attorney General admits that the Ada County Prosecuting Attorney is named as a Defendant; but denies that the Ada County Prosecuting Attorney is a proper Defendant.
19. The Attorney General denies that this ostensible Defendant remains a Defendant following the Court's partial grant of Defendants' motions to dismiss.
20. The Attorney General denies that this ostensible Defendant remains a Defendant following the Court's partial grant of Defendants' motions to dismiss.
21. The Attorney General denies that this ostensible Defendant remains a Defendant following the Court's partial grant of Defendants' motions to dismiss.

22. The Attorney General denies that this ostensible Defendant remains a Defendant following the Court's partial grant of Defendants' motions to dismiss.

23. The Attorney General denies that this ostensible Defendant remains a Defendant following the Court's partial grant of Defendants' motions to dismiss.

24. The Attorney General denies that this ostensible Defendant remains a Defendant following the Court's partial grant of Defendants' motions to dismiss.

25. The Attorney General denies that this ostensible Defendant remains a Defendant following the Court's partial grant of Defendants' motions to dismiss.

26. The Attorney General denies that this ostensible Defendant remains a Defendant following the Court's partial grant of Defendants' motions to dismiss.

27. The Attorney General denies that this ostensible Defendant remains a Defendant following the Court's partial grant of Defendants' motions to dismiss.

28. The Attorney General denies that this ostensible Defendant remains a Defendant following the Court's partial grant of Defendants' motions to dismiss.

29. The Attorney General denies that this ostensible Defendant remains a Defendant following the Court's partial grant of Defendants' motions to dismiss.

30. The Attorney General denies that this ostensible Defendant remains a Defendant following the Court's partial grant of Defendants' motions to dismiss.

31. The Attorney General denies that this ostensible Defendant remains a Defendant following the Court's partial grant of Defendants' motions to dismiss.

32. The Attorney General denies that this ostensible Defendant remains a Defendant following the Court's partial grant of Defendants' motions to dismiss.

33. The Attorney General denies that this ostensible Defendant remains a Defendant following the Court's partial grant of Defendants' motions to dismiss.

34. The Attorney General denies that this ostensible Defendant remains a Defendant following the Court's partial grant of Defendants' motions to dismiss.

35. The Attorney General denies that this ostensible Defendant remains a Defendant following the Court's partial grant of Defendants' motions to dismiss.

36. The Attorney General denies that this ostensible Defendant remains a Defendant following the Court's partial grant of Defendants' motions to dismiss.

37. The Attorney General denies that this ostensible Defendant remains a Defendant following the Court's partial grant of Defendants' motions to dismiss.

38. The Attorney General denies that this ostensible Defendant remains a Defendant following the Court's partial grant of Defendants' motions to dismiss.

39. The Attorney General denies that this ostensible Defendant remains a Defendant following the Court's partial grant of Defendants' motions to dismiss.

40. The Attorney General denies that this ostensible Defendant remains a Defendant following the Court's partial grant of Defendants' motions to dismiss.

41. The Attorney General denies that this ostensible Defendant remains a Defendant following the Court's partial grant of Defendants' motions to dismiss.

42. The Attorney General denies that this ostensible Defendant remains a Defendant following the Court's partial grant of Defendants' motions to dismiss.

43. The Attorney General denies that this ostensible Defendant remains a Defendant following the Court's partial grant of Defendants' motions to dismiss.

44. The Attorney General denies that this ostensible Defendant remains a Defendant following the Court's partial grant of Defendants' motions to dismiss.

45. The Attorney General denies that this ostensible Defendant remains a Defendant following the Court's partial grant of Defendants' motions to dismiss.

46. The Attorney General denies that this ostensible Defendant remains a Defendant following the Court's partial grant of Defendants' motions to dismiss.

47. The Attorney General denies that this ostensible Defendant remains a Defendant following the Court's partial grant of Defendants' motions to dismiss.

48. The Attorney General denies that this ostensible Defendant remains a Defendant following the Court's partial grant of Defendants' motions to dismiss.

49. The Attorney General denies that this ostensible Defendant remains a Defendant following the Court's partial grant of Defendants' motions to dismiss.

50. The Attorney General denies that this ostensible Defendant remains a Defendant following the Court's partial grant of Defendants' motions to dismiss.

51. The Attorney General denies that this ostensible Defendant remains a Defendant following the Court's partial grant of Defendants' motions to dismiss.

52. The Attorney General denies that this ostensible Defendant remains a Defendant following the Court's partial grant of Defendants' motions to dismiss.

53. The Attorney General denies that this ostensible Defendant remains a Defendant following the Court's partial grant of Defendants' motions to dismiss.

54. The Attorney General denies that this ostensible Defendant remains a Defendant following the Court's partial grant of Defendants' motions to dismiss.

55. The Attorney General denies that this ostensible Defendant remains a Defendant following the Court's partial grant of Defendants' motions to dismiss.

56. The Attorney General denies that this ostensible Defendant remains a Defendant following the Court's partial grant of Defendants' motions to dismiss.

57. The Attorney General denies that this ostensible Defendant remains a Defendant following the Court's partial grant of Defendants' motions to dismiss.

58. The Attorney General denies that this ostensible Defendant remains a Defendant following the Court's partial grant of Defendants' motions to dismiss.

59. The Attorney General denies that this ostensible Defendant remains a Defendant following the Court's partial grant of Defendants' motions to dismiss.

60. The Attorney General denies that this ostensible Defendant remains a Defendant following the Court's partial grant of Defendants' motions to dismiss.

61. The Attorney General denies that this ostensible Defendant remains a Defendant following the Court's partial grant of Defendants' motions to dismiss.

62. The Attorney General admits that this paragraph cites Idaho Code and the statute provides county prosecuting attorneys "primary duty for enforcing all the penal provisions of any and all statutes of this state." The Attorney General admits that the County Prosecuting Attorney Defendants were named in their official capacity but denies that they are proper Defendants. The Attorney General denies all other allegations in paragraph 62.

## THE ABORTION BANS

### I. The Ban Throughout Pregnancy

63. The Attorney General admits that Idaho Code § 18-622 proscribes abortions in certain circumstances described in the statute. The Attorney General denies all other allegations in paragraph 63.

64. The Attorney General admits that Idaho Code § 18-622 was enacted in 2020 as a trigger ban and it took effect on August 25, 2022; The Attorney General admits that the Court in *United States v. Idaho*, 623 F. Supp. 3d 1096, 1102 (D. Idaho 2022) entered an injunction against its enforcement "to the extent that [the] statute conflicts with" care mandated by the Emergency Medical Treatment and Labor Act ("EMTALA"), 42 U.S.C. § 1395dd(a) and the U.S. Supreme Court subsequently stayed that injunction. *Moyle v. United States*, 144 S. Ct. 540 (2024) (mem.).

65. The Attorney General admits that the paragraph cites to Idaho Session Law and that Idaho Code § 18-622 was amended and took effect on July 1, 2023. The Attorney General denies all other allegations in paragraph 65.

66. The Attorney General admits that the paragraph cites to Idaho Code and Idaho Code 18-604(1) defines abortion as "the use of any means to intentionally terminate the clinically diagnosable pregnancy of a woman with knowledge that the termination by those means will, with reasonable likelihood, cause the death of the unborn child except that, for purposes of this chapter, abortion shall not mean: (a) The use of an intrauterine device or birth control pill to inhibit or prevent ovulations, fertilization, or the implantation of a fertilized ovum within the uterus;

(b) The removal of a dead unborn child; (c) The removal of an ectopic or molar pregnancy; or (d) The treatment of a woman who is no longer pregnant." The Attorney General denies all other allegations in paragraph 66.

67. The Attorney General admits that the paragraph cites to Idaho Code and Idaho Code § 18-622(1) states, "[E]very person who performs or attempts to perform an abortion as defined in this chapter commits the crime of criminal abortion." The Attorney General denies all other allegations in paragraph 67.

68. The Attorney General admits that the Idaho Code § 18-622(2) states in part, "The following shall not be considered criminal abortions for purposes of subsection (1) of this section: (a) The abortion was performed or attempted by a physician as defined in this chapter and: determined, in his good faith medical judgment and based on the facts known to the physician at the time, that the abortion was necessary to prevent the death of the pregnant woman" provided that the physician "performed or attempted to perform the abortion in the manner that, in his good faith medical judgment and based on the facts known to the physician at the time, provided the best opportunity for the unborn child to survive, unless, in his good faith judgment, termination of the pregnancy would have posed a greater risk of the death of the pregnant woman" and that Idaho Code § 18-622(2)(a) does not apply when a physician "believes that the woman may or will take action to harm herself." The Attorney General denies all other allegations in paragraph 68.

69. The Attorney General admits that Idaho Code 18-622(2)(b) excludes from the definition of criminal abortion: "The abortion was performed or attempted by a physician as defined in this chapter during the first trimester of pregnancy and:

(i) If the woman is not a minor or subject to a guardianship, then, prior to the performance of the abortion, the woman has reported to a law enforcement agency that she is the victim of an act of rape or incest and provided a copy of such report to the physician who is to perform the abortion. The copy of the report shall remain a confidential part of the woman's medical record subject to applicable privacy laws; or

(ii) If the woman is a minor or subject to a guardianship, then, prior to the performance of the abortion, the woman or her parent or guardian has reported to a law enforcement agency or child protective services that she is the victim of an act of rape or incest and a copy of such report has been provided to the physician who is to perform the abortion. The copy of the report shall remain a confidential part of the woman's medical record subject to applicable privacy laws." The Attorney General admits that Idaho Code § 18-622(4)-(5) states "(4) Medical treatment provided to a pregnant woman by a health care professional as defined in this chapter that results in the accidental death of, or unintentional injury to, the unborn child shall not be a violation of this section.

(5) Nothing in this section shall be construed to subject a pregnant woman on whom any abortion is performed or attempted to any criminal conviction and penalty." The Attorney General denies all other allegations in paragraph 69.

70. The Attorney General admits that Idaho Code § 18-622 states "(1) Except as provided in subsection (2) of this section, every person who performs or attempts to perform an abortion as defined in this chapter commits the crime of criminal abortion. Criminal abortion shall be a felony punishable by a sentence of imprisonment of no less than two (2) years and no more than five (5) years in prison. The professional license of any health care professional who performs or attempts to perform an abortion or who assists in performing or attempting to perform an abortion in violation of this subsection shall be suspended by the appropriate licensing board for a minimum of six (6) months upon a first offense and shall be permanently revoked upon a subsequent offense."

## II. The Six-Week Ban

71. The Attorney General admits that "[c]ardiac activity typically becomes detectable at around six weeks of pregnancy, as measured from the first day of a person's last menstrual period ("LMP")." The Attorney General admits that Idaho Code Sections 18-8801 to 18-8808 exist and speak for themselves. The Attorney General denies all other allegations.

72. The Attorney General admits that Idaho Code Section 18-8801(1) states "(1) "Abortion" means the use of any means to intentionally terminate the clinically diagnosable pregnancy of a woman with knowledge that the termination by those means will, with reasonable likelihood, cause the death of the preborn child. "Abortion" does not mean the use of an intrauterine device or birth control pill to

inhibit or prevent ovulations, fertilization, or the implantation of a fertilized ovum within the uterus." The Attorney General denies all other allegations.

73. The Attorney General admits that Idaho Code Section 18-8804(1) states "(1) A person may not perform an abortion on a pregnant woman when a fetal heartbeat has been detected, except in the case of a medical emergency, in the case of rape as defined in section 18-6101, Idaho Code, or in the case of incest as described in section 18-6601, Idaho Code. In the case of rape or incest:

    (a) If the woman is not a minor or subject to guardianship, then, prior to the performance of the abortion, the woman has reported the act of rape or incest to a law enforcement agency and provided a copy of such report to the physician who is to perform the abortion; or

    (b) If the woman is a minor or subject to guardianship, then, prior to the performance of the abortion, the woman or her parent or guardian has reported the act of rape or incest to a law enforcement agency or child protective services and a copy of such report have been provided to the physician who is to perform the abortion." The Attorney General denies all other allegations.

74. The Attorney General admits that Idaho Code § 18-8801(5) states "(5) "Medical emergency" means a condition that, in reasonable medical judgment, so complicates the medical condition of a pregnant woman as to necessitate the immediate abortion of her pregnancy to avert her death or for which a delay will create serious risk of substantial and irreversible impairment of a major bodily function." and that Idaho Code Section 18-8804 excepts from its prohibition the

above definition of medical emergency. The Attorney General denies all other allegations.

75. The Attorney General admits that Idaho Code Section 18-8804(1) states "(1) A person may not perform an abortion on a pregnant woman when a fetal heartbeat has been detected, except in the case of a medical emergency, in the case of rape as defined in section 18-6101, Idaho Code, or in the case of incest as described in section 18-6601, Idaho Code. In the case of rape or incest:

(a) If the woman is not a minor or subject to guardianship, then, prior to the performance of the abortion, the woman has reported the act of rape or incest to a law enforcement agency and provided a copy of such report to the physician who is to perform the abortion; or

(b) If the woman is a minor or subject to guardianship, then, prior to the performance of the abortion, the woman or her parent or guardian has reported the act of rape or incest to a law enforcement agency or child protective services and a copy of such report have been provided to the physician who is to perform the abortion." The Attorney General denies all other allegations.

76. The Attorney General admits that Idaho Code Section 18-8805 states in part "(2) Every licensed health care professional who knowingly or recklessly performs or induces an abortion in violation of this chapter commits the crime of criminal abortion. Criminal abortion shall be a felony punishable by a sentence of imprisonment of no less than two (2) years and no more than five (5) years in prison.

(3) The professional license of any health care professional who performs or induces an abortion or who assists in performing or inducing an abortion in violation of this chapter shall be suspended by the appropriate licensing board for a minimum of six (6) months upon a first offense and shall be permanently revoked upon a subsequent offense."

The Attorney General admits that Idaho Code Section 18-8807(1) states "(1) Any female upon whom an abortion has been attempted or performed, the father of the preborn child, a grandparent of the preborn child, a sibling of the preborn child, or an aunt or uncle of the preborn child may maintain an action for:

(a) All damages from the medical professionals who knowingly or recklessly attempted, performed, or induced the abortion in violation of this chapter;

(b) Notwithstanding any other provision of law, statutory damages in an amount not less than twenty thousand dollars ($20,000) from the medical professionals who knowingly or recklessly attempted, performed, or induced an abortion in violation of this chapter; and (c) Costs and attorney's fees."

The Attorney General denies all other allegations.

77. The Attorney General admits that Idaho Code §§ 18-8801 was enacted in 2021 as a trigger ban and it took effect 30 days after the judgment in *SisterSong Women of Color Reproductive Justice Collective v. Governor of Georgia*, 40 F.4th 1320 (11th Cir. 2022). The Attorney General admits that S.B. 1309 as enacted gave immediate effect to the private right of action. The Attorney General denies any other allegations.

78. The Attorney General admits that Idaho Code Section 18-8805 states in part "(2) Every licensed health care professional who knowingly or recklessly performs or induces an abortion in violation of this chapter commits the crime of criminal abortion. Criminal abortion shall be a felony punishable by a sentence of imprisonment of no less than two (2) years and no more than five (5) years in prison.

    (3) The professional license of any health care professional who performs or induces an abortion or who assists in performing or inducing an abortion in violation of this chapter shall be suspended by the appropriate licensing board for a minimum of six (6) months upon a first offense and shall be permanently revoked upon a subsequent offense." The Attorney General denies all other allegations.

79. The Attorney General admits that the paragraph quotes Idaho Code Section 18-8805(4). The Attorney General admits that the Idaho Supreme Court stated at 522 P.3d 1161 that the challenge to Section 18-8801 et seq. was not moot as of January 5, 2023. The Attorney General denies all other allegations.

**MEDICAL INDICATIONS FOR ABORTION CARE**

80. The Attorney General denies the allegations in paragraph 80.
81. The Attorney General denies the allegations in paragraph 81.
82. The Attorney General denies the allegations in paragraph 82.
83. The Attorney General denies the allegations in paragraph 83.
84. The Attorney General denies the allegations in paragraph 84.

85. The Attorney General admits placental abnormalities such as placenta previa and placental abruption may cause complications with pregnancy. The Attorney General denies all other allegations.
86. The Attorney General lacks sufficient knowledge as to the truth or falsity of the allegations in this paragraph and therefore denies the same.
87. The Attorney General denies the allegations in paragraph 87.
88. The Attorney General lacks sufficient knowledge as to the truth or falsity of the allegations in this paragraph and therefore denies the same.
89. The Attorney General lacks sufficient knowledge as to the truth or falsity of the allegations in this paragraph and therefore denies the same.
90. The Attorney General lacks sufficient knowledge as to the truth or falsity of the allegations in this paragraph and therefore denies the same.
91. The Attorney General lacks sufficient knowledge as to the truth or falsity of the allegations in this paragraph and therefore denies the same.
92. The Attorney General lacks sufficient knowledge as to the truth or falsity of the allegations in this paragraph and therefore denies the same.
93. The Attorney General lacks sufficient knowledge as to the truth or falsity of the allegations in this paragraph and therefore denies the same.
94. The Attorney General lacks sufficient knowledge as to the truth or falsity of the allegations in this paragraph and therefore denies the same.
95. The Attorney General denies the allegations in paragraph 95.

96. The Attorney General lacks sufficient knowledge as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

97. The Attorney General denies the allegations in paragraph 97.

98. The Attorney General lacks sufficient knowledge as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

99. The Attorney General lacks sufficient knowledge as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

100. The Attorney General lacks sufficient knowledge as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

101. The Attorney General denies the allegations in paragraph 101.

102. The Attorney General lacks sufficient knowledge as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

103. The Attorney General lacks sufficient knowledge as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

104. The Attorney General lacks sufficient knowledge as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

105. The Attorney General lacks sufficient knowledge as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

106. The Attorney General lacks sufficient knowledge as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

107. The Attorney General lacks sufficient knowledge as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

## HARMS CAUSED BY APPLICATION OF THE ABORTION BANS TO MEDICALLY INDICATED ABORTION CARE

108. The Attorney General denies the allegations in paragraph 108.

109. The Attorney General lacks sufficient knowledge as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

110. The Attorney General denies the allegations in paragraph 110.

111. The Attorney General lacks sufficient knowledge as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

112. The Attorney General lacks sufficient knowledge as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

113. The Attorney General admits paragraph 113.

114. The Attorney General admits that the 2021 Idaho MMRC Report states that seventeen people in Idaho died while pregnant or within one year of pregnancy, that the most common underlying cause of death was mental health conditions, including deaths related to suicide, substance use disorder, overdose/poisoning, and unintentional injuries determined by the MMRC to be related to a mental health condition, and that this was followed by infection and amniotic fluid embolism. The Attorney General denies all other allegations.

115. The Attorney General admits that 2020 Idaho MMRC Report states that 2020, eleven people in Idaho died while pregnant or within one year of pregnancy, that the most common underlying cause of death was mental health conditions, followed by cardiovascular conditions and infection. The Attorney General denies all other allegations.

116. The Attorney General admits that the 2019 Idaho MMRC report states that in 2019, five people in Idaho died while pregnant or within one year of pregnancy, that substance use disorder was a contributing factor in three of the five deaths, that mental health disorder was a contributing factor in two of the deaths and was a probable factor in another two deaths. The Attorney General denies all other allegations.

117. The Attorney General admits that the 2018 Idaho MMRC Report states that in 2018, ten people in Idaho died while pregnant or within one year of pregnancy, and the most common underlying cause of death was mental health conditions, followed by traumatic injuries. The Attorney General denies all other allegations.

118. The Attorney General denies the allegations in paragraph 118.

119. The Attorney General denies the allegations in paragraph 119.

120. The Attorney General denies the allegations in paragraph 120.

121. The Attorney General denies the allegations in paragraph 121.

122. The Attorney General denies the allegations in paragraph 122.

123. The Attorney General lacks sufficient knowledge as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

## CLAIMS

### Count I
### (Substantive Due Process)

124. There are no new allegations in this paragraph. To the extent a response is required, The Attorney General re-responds to the incorporated paragraphs.

125. The Attorney General denies the allegations in paragraph 125.

126. The Attorney General denies the allegations in paragraph 126.

127. The Attorney General denies the allegations in paragraph 127.

128. The Attorney General denies the allegations in paragraph 128.

**Count 2**
**(Equal Protection)**

129. There are no new allegations in this paragraph. To the extend a response is required, The Attorney General re-responds to the incorporated paragraphs.

130. The Attorney General denies the allegations in paragraph 130.

131. The Attorney General denies the allegations in paragraph 131.

132. The Attorney General denies the allegations in paragraph 132.

133. The Attorney General denies the allegations in paragraph 133.

**REQUEST FOR RELIEF**

a. This paragraph and its subparts are a request for relief and no response is required. To the extent a response is required, The Attorney General denies that Plaintiff is entitled to any relief whatsoever.

b. This paragraph and its subparts are a request for relief and no response is required. To the extent a response is required, The Attorney General denies that Plaintiff is entitled to any relief whatsoever.

c. This paragraph and its subparts are a request for relief and no response is required. To the extent a response is required, The Attorney General denies that Plaintiff is entitled to any relief whatsoever.

d. This paragraph and its subparts are a request for relief and no response is required. To the extent a response is required, The Attorney General denies that Plaintiff is entitled to any relief whatsoever.

e. This paragraph and its subparts are a request for relief and no response is required. To the extent a response is required, The Attorney General denies that Plaintiff is entitled to any relief whatsoever.

f. This paragraph and its subparts are a request for relief and no response is required. To the extent a response is required, The Attorney General denies that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

1. The Attorney General is immune from suit.
2. Plaintiff's claims are barred to the extent that Plaintiff's lack standing to assert their claims.
3. The Complaint fails to state a claim for relief.
4. This Court lacks jurisdiction over Plaintiff's claims.
5. Plaintiff's claims are inconsistent with an issue of state law.
6. Plaintiff's request for injunctive relief does not show or sufficiently allege the likelihood of future injury or irreparable harm.
7. That the allegations contained in Plaintiff's Complaint do not rise to the level of a deprivation of rights that are protected by the Constitution or any of the legal provisions referred to in the Complaint.

## RESERVATION OF DEFENSES

The Attorney General reserves the right to supplement these defenses with any additional defenses that subsequently become available during discovery or trial.

WHEREFORE, having fully answered the Complaint, the Attorney General requests that the Court enter an order and judgment:

1. Dismissing the Complaint with prejudice;
2. That Plaintiff take nothing by this action;
3. That judgment be entered in favor of the Members of the Idaho Board of Medicine and against Plaintiff;
4. Awarding the Attorney General his costs and attorney's fees; and
5. Providing such other relief as it deems appropriate and just.

DATED: April 25, 2025

STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL

*/s/ Aaron M. Green*
AARON M. GREEN
Deputy Attorney General

*Attorneys for Defendants Members of the Idaho Board of Medicine, 41 County Prosecutors and Proposed Intervenor Raúl Labrador*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT on April 25, 2025, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Jamila Johnson
jjohnson@lawyeringproject.org

Paige Suelzle
psuelzle@lawyeringproject.org

Wendy S. Heipt
wheipt@legalvoice.org

Tanya Pellegrini
tpellegrini@lawyeringproject.org

Stephanie Toti
stoti@lawyeringproject.org

*Attorneys for Plaintiff*

/s/ *Aaron M. Green*
AARON M. GREEN