UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STACY SEYB, M.D.,<br><br>Plaintiff,<br><br>v.<br><br>MEMBERS OF THE IDAHO BOARD OF MEDICINE, in their official capacities; *et al.*,<br><br>Defendants. | Case No. 1:24-cv-00244-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Attorney General Raúl Labrador's unopposed motion to intervene (Dkt. 61). For the reasons set forth below, the Court will grant the motion. The Attorney General seeks to intervene as of right or, alternatively, with leave of court. For the reasons set forth below, the Court will grant the motion.

## BACKGROUND

Dr. Seyb brings this action individually and on behalf of his patients alleging the defendants' enforcement of this ban violates the due process and equal protection clauses of the Fourteenth Amendment. *See Amend. Compl.*, Dkt. 56. The defendants moved to dismiss, and the Court granted the motion with respect to all

MEMORANDUM DECISION AND ORDER - 1

County Prosecutors but Ada County and denied the motion as to all other defendants. Dkt. 54. Following the resolutions of those motions, the remaining defendants filed their answers, and the Attorney General filed the present motion to intervene. Dkts. 59, 60, 61. Neither Dr. Seyb nor the other defendants oppose the motion.

## LEGAL STANDARD

An applicant may intervene as a matter of right if four conditions are met: (1) the motion is timely; (2) the applicant asserts a significantly protectable interest relating to property or a transaction that is the subject matter of litigation; (3) the applicant is situated such that the disposition of the action may as a practical matter impair or impede the interest; and (4) the applicant's interests are inadequately represented by the parties. Fed. R. Civ. P. 24(a); *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1107–08 (9th Cir. 2002). These requirements "are broadly interpreted in favor of intervention." *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011).

If a prospective intervenor fails to satisfy the conditions for intervening as a matter of right, the Court still has discretion to permit intervention if (1) the intervenor shares a common question of law or fact with the main action; (2) the motion is timely; and (3) the court has an independent basis for jurisdiction over

**MEMORANDUM DECISION AND ORDER - 2**

the applicant's claims. *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cr. 1998). The Court must also consider "whether intervention will unduly delay the main action or will unfairly prejudice the existing parties." *Id.*

## ANALYSIS

The Attorney General may intervene in this action as a matter of right.

First, the motion is timely. Timeliness depends on "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004). The Attorney General waited for the Court to resolve the existing defendants' motions to dismiss and, once those motions were resolved, filed this timely motion. This case is still in the early stages, as the parties have just begun discovery and none of the current parties argue that they will be prejudice by the intervention.

Second, the Attorney General has a "significantly protectable interest" in the proceedings. This element is deliberately broad: "Whether an applicant for intervention as of right demonstrates sufficient interest in an action is a practical, threshold inquiry, and no specific legal or equitable interest need be established." *Citizens for Balanced Use*, 647 F.3d at 897 (cleaned up). Dr. Seyb is challenging two of the Idaho's laws and the Attorney General has a duty to represent the

**MEMORANDUM DECISION AND ORDER - 3**

State's interest. As such, he has a significantly protectable interests *Town of Colorado City v. United Effort Plan Tr.*¸ No. CV11-8037-PCT-DGC, 2012 WL 6019035, at *1 (D. Ariz. Nov. 26, 2012).

Third, the Attorney General's interests will, as a practical matter, be impaired by the disposition of the matter. "If an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." *Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001) (quoting Fed. R. Civ. P. 24 advisory committee's notes). Here, absent intervention the Attorney General's interests may be harmed should the Court find the two challenged laws unconstitutional.

Finally, the existing defendants do not adequately represent the interests of the Attorney General. To assess this element, courts consider "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003). The Attorney General's request for intervention satisfies this element. The remaining defendants – the Ada County Prosecutor and the Board of Medicine – may not defend the constitutionality of the

**MEMORANDUM DECISION AND ORDER - 4**

statutes because they have other arguments available to them. Indeed, it is more appropriate for the Attorney General to defend the broader constitutionality of the statute as neither the members of the Board of Medicine or the Ada County Prosecutor are best positioned to represent the State's interests in the constitutionality of its laws. Accordingly, the Attorney General may intervene as of right.

## ORDER

**IT IS ORDERED that** the Attorney General's Unopposed Motion to Intervene (Dkt. 61) is **GRANTED.**



DATED: June 3, 2025

_____
B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 5**