RAÚL R. LABRADOR
ATTORNEY GENERAL

JAMES E. M. CRAIG, ISB #6365
Chief, Civil Litigation and
Constitutional Defense

AARON M. GREEN, ISB #12397
KYLE D. GRIGSBY, ISB #10709
Deputy Attorneys General
Office of the Attorney General
P.O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
james.craig@ag.idaho.gov
aaron.green@ag.idaho.gov
kyle.grigsby@ag.idaho.gov

*Attorneys for Defendants Members of the Idaho Board of Medicine and Intervenor Attorney General Raúl Labrador*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STACY SEYB, M.D.<br><br>         *Plaintiff,*<br><br>v.<br><br>MEMBERS OF THE IDAHO BOARD OF MEDICINE, in their official capacities; *et al.,*<br><br>         *Defendants,*<br><br>ATTORNEY GENERAL RAÚL LABRADOR<br><br>         *Intervenor.* | Case No. 1:24-cv-00244-BLW<br><br>**MOTION TO CORRECT MISTAKE UNDER RULE 60(a) [DKT. 87]** |

**INTRODUCTION**

This is a narrow motion focused on the incorrect recitation on page 19 of the decision denying the Defendants' motion for summary judgment (Dkt. 87) of what was stated by Defendant's counsel at oral argument. Defendant's counsel, as reflected by the transcript of oral argument available to the Court [*see* Dkt. 88] *did not argue* a state could prohibit an abortion to save the life of the mother or that the State could "require a woman to sacrifice her life for the sake of her potential child." While Defendants and Intervenor obviously disagree with the balance of the Court's decision denying the motion for summary judgment, for purposes of this motion, they request only correction of the misrepresentation of their position pursuant to Rule 60(a) and the Court's inherent authority.

**LEGAL STANDARD**

This Court may correct an error in an order or the record pursuant to Rule 60(a). "Errors correctable under Rule 60(a) include those where what is written or recorded is not what the court intended to write or record." *Blanton v. Anzalone*, 813 F.2d 1574, 1577 (9th Cir. 1987). "Rule 60(a) covers more than" errors transcribing a judgment or computational mistakes. *Tattersalls, Ltd. v. DeHaven*, 745 F.3d 1294, 1297 (9th Cir. 2014). The distinction between errors correctable under Rule 60(a) and not correctable under the rule is the distinction between errors "[of] execution whereas the latter consist of instances where the court *changes its mind*." *Blanton*, 813 F.2d at 1577 n.2. Rule 60(a) is a proper mechanism to correct an order in a situation in which the order "misrepresents what the court meant to state." *Garamendi v. Henin*, 683 F.3d 1069, 1078 (9th Cir. 2012) (quoting 12 James W. Moore, *Moore's Federal Practice* § 60.11 (2011)).

Additionally, the Court has "inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment." *Smith v. Massachusetts*, 543 U.S. 462, 475 (2005).

**ANALYSIS**

Without the benefit of the transcript, the Court incorrectly stated Defendants' and Intervenor's position in its order denying summary judgment. Specifically, with respect to "an abortion when necessary to save the life of a pregnant woman" the Court's order states that Defendants "asserted that Idaho may ban even these abortions—in other words, that the Constitution leaves the states free to require a woman to sacrifice her life for the sake of her potential child." Dkt. 87 at 18–19. A review of the transcript, which is now available to the Court at Dkt. 88, shows that this is not what counsel said. *See* Dkt. 88 at 24–26. Defendants' counsel recognized that a hypothetical law that prohibited abortion even if necessary to save the life of the mother, like any other regulation of a medical procedure, would be subject to rational basis review, *but did not* state that such a law would survive rational basis review. Indeed, Defendants' counsel specifically stated that the issue of whether a law like that would survive rational basis review is not before the Court because Idaho's law allows an abortion to save the life of the mother. At no point did Defendants argue "that Idaho may ban even these abortions—in other words, that the Constitution leaves the states free to require a woman to sacrifice her life for the sake of her potential child." Thus, the Defendants request that the Court correct this mistake in the decision.

Because Defendants did not say what is reflected in the order denying the motion for summary judgment, Defendants and Intervenor request the Court correct the order denying summary judgment at Dkt. 87, by deleting the first complete sentence on page 19.This is an error that should be corrected under Rule 60(a). The requested correction does not indicate a change of mind by the Court, but merely accurately reflects what counsel did (or rather did not) say at oral argument. The remainder of the paragraph at issue remains comprehensible without the incorrect

recitation. Alternatively, the Court should use its inherent power to correct the incorrect statement in its interlocutory order.

## CONCLUSION

Because the Court's decision inaccurately reflects the position taken by counsel during oral argument, Defendants and Intervenor request the Court correct the order denying summary judgment at Dkt. 87, by deleting the first complete sentence on page 19.

DATED: February 17, 2026

        STATE OF IDAHO
        OFFICE OF THE ATTORNEY GENERAL

        /s/ *James E. M. Craig*
        JAMES E. M. CRAIG
        Division Chief,
        Civil Litigation and Constitutional Defense

        *Attorney for Defendants Members of the Idaho Board of Medicine and Intervenor Attorney General Raúl Labrador*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT on February 17, 2026, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

| | |
|---|---|
| Jamila Johnson<br>jjohnson@lawyeringproject.org | Tanya Pellegrini<br>tpellegrini@lawyeringproject.org |
| Paige Suelzle<br>psuelzle@lawyeringproject.org | Stephanie Toti<br>stoti@lawyeringproject.org |
| Wendy S. Heipt<br>wheipt@legalvoice.org | Ronell Tshiela<br>rtshiela@lawyeringproject.org |
| *Attorneys for Plaintiff* | Kelly O'Neill<br>koneill@legalvoice.org |

/s/ *James E. M. Craig*
JAMES E. M. CRAIG