Kelly O'Neill
Idaho Bar No. 9303
LEGAL VOICE
P.O. Box 50201
Boise, ID 83705
Phone: (208) 649-4942
koneill@legalvoice.org

Wendy S. Heipt*
LEGAL VOICE
907 Pine St., No. 500
Seattle, WA 98101
Phone: (206) 954-6798
wheipt@legalvoice.org

Jamila Johnson*
LAWYERING PROJECT
900 Camp St., 3rd Fl., No. 1197
New Orleans, LA 70130
Phone: (347) 706-4981
jjohnson@lawyeringproject.org

Stephanie Toti*
LAWYERING PROJECT
41 Schermerhorn St., No. 1056
Brooklyn, NY 11201
Phone: (646) 490-1083
stoti@lawyeringproject.org

Paige Suelzle*
LAWYERING PROJECT
300 Lenora St., No. 1147
Seattle, WA 98121
Phone: (347) 515-6073
psuelzle@lawyeringproject.org

Ronelle Tshiela*
LAWYERING PROJECT
1525 S. Willow St., Unit 17, No. 1156
Manchester, NH 03103
Phone: (347) 429-9834
rtshiela@lawyeringproject.org

*Admitted *pro hac vice*

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| STACY SEYB, M.D., <br><br> Plaintiff, <br><br> v. <br><br> MEMBERS OF THE IDAHO BOARD OF MEDICINE, in their official capacities; *et al*, <br><br> Defendants, <br><br> and <br><br> ATTORNEY GENERAL RAÚL LABRADOR, <br><br> Defendant-Intervenor. | Case No.: 1:24-cv-00244-BLW <br><br> **PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO CORRECT MISTAKE UNDER RULE 60(a) [DKT. # 89]** |

Plaintiff respectfully submits this response in opposition to the Rule 60(a) motion [Dkt. # 89] submitted by the Members of the Idaho Board of Medicine and Attorney General (collectively, the "State").  "A court's opinions 'are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Michalk v. City of Boise*, No. 08-CV-425-S-BLW, 2009 WL 4794972, *1 (D. Idaho Dec. 4, 2009) (quoting *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988)).  The Court should deny the motion for three reasons:  (1) the statement at issue is not clearly erroneous; (2) the statement at issue is not a clerical mistake; and (3) the statement at issue is not material to the Court's disposition of Defendants' summary judgment motion.

## ARGUMENT

### I. The Statement at Issue is Not Clearly Erroneous

The State takes issue with the following statement in the Court's summary judgment decision:

> Turning to the factual record, the Court will begin with the weighty evidence of a historical right to an abortion when necessary to save the life of a pregnant woman.  At oral argument, Defendants asserted that Idaho may ban even these abortions—in other words, that the Constitution leaves the states free to require a woman to sacrifice her life for the sake of her potential child.

Mem. Decision & Order [Dkt. # 87] at 18-19; *see* Mot. [Dkt. # 89] at 2.

At oral argument, counsel for the State asserted that, insofar as Idaho's principal abortion ban prohibits pregnant people at risk of death from self-harm from obtaining life-saving abortion care, "the statute is simply subject to rational basis review, and clearly it would meet rational

basis review." Tr. of Mot. Hr'g (Feb. 5, 2026) at 20:25-21:1.[1] Counsel later asserted that pregnant people do not have a fundamental right to life-saving abortion care. *Id.* at 25:13-22 ("THE COURT: The question is: The right to have a life-saving abortion is not a fundamental right? … MR. CRAIG: So, yes. I would say that, yes, the right to abortion is not a fundamental right, period."). The Court gave counsel for the State ample opportunity to concede that the Constitution bars Idaho from banning life-saving abortions, but counsel assiduously avoided making that concession. *See id.* at 24:22-26:15. Thus, the summary judgment decision's characterization of the State's position at oral argument is not clearly erroneous.

The State is certainly free to modify its position going forward. It could clearly and unambiguously say that the Constitution prohibits states from banning life-saving abortion care. But it has not done so to date—not in its briefs, not at oral argument, and not even in its Rule 60(a) motion. Instead, it has consistently maintained that Idaho may ban life-saving abortion care for pregnant people who face a risk of death from self-harm, even though mental illness is the leading underlying cause of maternal mortality in Idaho and nationwide, *see* Pl.'s App. [Dkt. # 83-3] at 185-86, 292, 312, and it has refused to deny that Idaho may ban life-saving abortion care in all circumstances.

## II. The Statement at Issue is Not a Clerical Mistake

Federal Rule of Civil Procedure 60(a) permits a court to modify a prior ruling only in limited circumstances: "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."

---

[1] The transcript belies the State's claim that "Defendants' counsel recognized that a hypothetical law that prohibited abortion even if necessary to save the life of the mother … would be subject to rational basis review, *but did not* state that such a law would survive rational basis review." Mot. at 2; *contra* Tr. of Mot. Hr'g (Feb. 5, 2026) at 20:25-21:1.

3

"Rule 60(a)'s touchstone is fidelity to the intent behind the original judgment." *Garamendi v. Henin*, 683 F.3d 1069, 1078 (9th Cir. 2012); *accord Tattersalls, Ltd. v. DeHaven*, 745 F.3d 1294, 1297 (9th Cir. 2014); *Blanton v. Anazalone*, 813 F.2d 1574, 1577 (9th Cir. 1987) ("In deciding whether a trial court may alter a judgment pursuant to Fed. R. Civ. P. 60(a), our circuit focuses on what the court *originally intended* to do." (footnote omitted)). "The basic distinction between 'clerical mistakes' and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consist of 'blunders in execution' whereas the latter," the Ninth Circuit has explained, "consist of instances where the court *changes its mind*, either because it made a legal or factual mistake in making its original determination, or because on second thought it has decided to exercise its discretion in a manner different from the way it was exercised in the original determination." *Id.* at 1577 n.2 (citation omitted); *accord Tattersalls*, 745 F.3d at 1297-98.

  Here, although the State attempts to frame the alleged "mistake" in the summary judgment decision as a transcription error, Mot. [Dkt. # 89] at 2, the Court does not quote the words uttered by the State's counsel at oral argument, Mem. Decision & Order [Dkt. # 87] at 18-19. Instead, it characterizes the State's position based on the assertions its counsel made, and the concessions counsel refused to make. The true essence of the State's argument is that the Court committed an analytical error in interpreting counsel's statements. But that is not a proper ground for relief under Rule 60(a). *See Blanton*, 813 F.2d at 1577 n.2. If the text of the summary judgment decision accurately reflects the Court's understanding of the State's position at the conclusion of oral argument, then Rule 60(a) provides no basis for reconsideration now. *See id.* at 1577 & n.2; *see also Tattersalls*, 745 F.3d at 1298 (affirming relief granted under Rule 60(a) where there was "no question that the 'contemporaneous intent' of the court" was consistent with the amended judgment (citation omitted)).

4

### III. The Statement at Issue is Not Material to the Court's Disposition of Defendants' Summary Judgment Motion

Finally, Rule 60(a) is permissive, not mandatory, and "[a] district court has very wide latitude in correcting clerical mistakes in a judgment." *Blanton*, 813 F.2d at 1577; *see* Fed. R. Civ. P. 60(a). Here, the Court should decline to grant the relief the State seeks because the statement the State claims is mistaken is mere dicta that is not material to the disposition of Defendants' summary judgment motion. *Cf. Michalk*, 2009 WL 4794972 at *2 ("Michalk asserts that the Court erred in stating that she no longer resides in HUD financed housing. Whether Michalk continued to reside in HUD financed housing was not determinative of the Court's decision …."). After discussing the State's position on the constitutionality of banning life-saving abortions, the Court explains that "this is not the question before the Court" and describes it as merely "a helpful baseline." Mem. Decision & Order [Dkt. # 87] at 19.

### CONCLUSION

For the reasons set forth above, the Court should deny the State's Rule 60(a) motion [Dkt. # 89].

Dated: February 25, 2026

/s/ Stephanie Toti
Stephanie Toti*
LAWYERING PROJECT
41 Schermerhorn St., No. 1056
Brooklyn, NY 11201
Phone: (646) 490-1083
stoti@lawyeringproject.org

Kelly O'Neill
Idaho Bar No. 9303
LEGAL VOICE
P.O. Box 50201
Boise, ID 83705
Phone: (208) 649-4942
koneill@legalvoice.org

Jamila Johnson*
LAWYERING PROJECT
900 Camp St., 3rd Fl., No. 1197
New Orleans, LA 70130
Phone: (347) 706-4981
jjohnson@lawyeringproject.org

Wendy S. Heipt*
LEGAL VOICE
907 Pine Street, No. 500
Seattle, WA 98101
Phone: (206) 954-6798
wheipt@legalvoice.org

Paige Suelzle*
LAWYERING PROJECT
300 Lenora St., No. 1147
Seattle, WA 98121
Phone: (347) 515-6073
psuelzle@lawyeringproject.org

Ronelle Tshiela*
LAWYERING PROJECT
1525 S. Willow St., Unit 17, No. 1156
Manchester, NH 03103
Phone: (347) 429-9834
rtshiela@lawyeringproject.org

*Admitted *pro hac vice*

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that, on February 25, 2026, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will cause a copy to be served upon all counsel of record.

*/s/ Stephanie Toti*
Stephanie Toti
