Kelly O'Neill
koneill@legalvoice.org
Idaho Bar No. 9303
LEGAL VOICE
P.O. Box 50201
Boise, ID 83705
Phone: (208) 649-4942

Jamila Johnson*
jjohnson@lawyeringproject.org
LAWYERING PROJECT
900 Camp St., 3rd Fl., No. 1197
New Orleans, LA 70130
Phone: (347) 706-4981
Fax: (646) 480-8622

Paige Suelzle*
psuelzle@lawyeringproject.org
LAWYERING PROJECT
300 Lenora St., No. 1147
Seattle, WA 98121
Phone: (347) 515-6073
Fax: (646) 480-8622

Ronelle Tshiela*
rtshiela@lawyeringproject.org
LAWYERING PROJECT
1525 S. Willow St., Unit 17, No. 1156
Manchester, NH 03103
Phone: (347) 429-9834
Fax: (646) 480-8622

Wendy S. Heipt*
wheipt@legalvoice.org
LEGAL VOICE
907 Pine St., No. 500
Seattle, WA 98101
Phone: (206) 954-6798

Stephanie Toti*
stoti@lawyeringproject.org
LAWYERING PROJECT
41 Schermerhorn St., No. 1056
Brooklyn, NY 11201
Phone: (646) 490-1083
Fax: (646) 480-8622

Tanya Pellegrini*
tpellegrini@lawyeringproject.org
LAWYERING PROJECT
584 Castro St., No. 2062
San Francisco, CA 94114
Phone: (646) 480-8973
Fax: (646) 480-862

*Admitted *pro hac vice*

**Attorneys for Plaintiff**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| STACY SEYB, M.D., | ) | Case No.: 1:24-cv-00244-BLW |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OF LAW IN** |
| v. | ) | **SUPPORT OF PLAINTIFF'S MOTION** |
| | ) | **TO EXCLUDE TESTIMONY OF** |
| MEMBERS OF THE IDAHO BOARD OF | ) | **WILLIAM W. THOMPSON, JR.** |
| MEDICINE, in their official capacities, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff respectfully submits this memorandum of law in support of his motion to exclude William W. Thompson, Jr., from testifying at trial in the above-captioned case. For the reasons set forth below, good cause exists to extend the Motion in Limine deadline and grant the motion.

**STATEMENT OF FACTS**

Discovery in this case closed on August 29, 2025 [Dkt. # 63]. On May 11, 2026, Plaintiff and Defendants exchanged witness lists pursuant to this Court's Trial Setting Order [Dkt. # 95]. In that exchange, Defendants indicated for the first time that they intend to call Latah County Prosecuting Attorney William W. Thompson, Jr., as a witness at trial. The Latah County Prosecuting Attorney was previously dismissed as a defendant by order of the Court on March 31, 2025 [Dkt. # 54]. The Trial Setting Order [Dkt. # 95] set May 11, 2026, as the deadline for filing motions in limine. Trial is set to begin on June 8, 2026 [Dkt. # 95].

Plaintiff now seeks to exclude the testimony of Mr. Thompson at trial.

**ARGUMENT**

**I.      There is good cause to extend the motion in limine deadline by two days.**

Good cause exists to extend the deadline for Plaintiff to file this motion in limine. In the Rule 16 context, the good cause inquiry focuses on the reasonable diligence of the moving party. *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174 n.6 (9th Cir. 2007). "Decisions involving pretrial scheduling orders under Rule 16 . . . are reviewed for abuse of discretion." *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 983 (9th Cir. 2011). Similarly, the Court has the discretion to extend the motion in limine deadline in its Trial Setting Order [Dkt. # 95].

Here, good cause exists to extend the deadline because Plaintiff reasonably believed that the Latah County Prosecuting Attorney's participation in this case had ended when this Court

2

dismissed him as a defendant [Dkt. # 54]. Plaintiff did not learn that the remaining Defendants intended to call him as a witness until he received Defendants' witness list on May 11, 2026, shortly after 7:30pm. Plaintiff's counsel met with Defendants' counsel to confer about this and other trial-related matters on the afternoon of May 12, 2026, and then they promptly filed this motion less than twenty-four hours later. Accordingly, good cause exists to extend the deadline for motions in limine by two days.

**II.      Defendants failed to comply with the disclosure requiremens of Rule 26(a).**

Federal Rule of Evidence 702 governs the testimony of a witness "who is qualified as an expert by knowledge, skill, experience, training, or education." "If the basis of a witness's opinion is 'technical or specialized knowledge,' then that opinion falls within Rule 702." *United States v. Holmes*, 163 F.4th 547, 560 (9th Cir. 2025) (citations omitted). Based on the summary of Mr. Thompson's testimony provided in Defendants' witness list, he intends to offer opinions based on his specialized knowledge of the role of Idaho prosecuting attorneys in criminal proceedings. *See* Members of the Idaho Bd. of Med. & Att'y Gen. Labrador's Trial Witness List ("Defs.' Witness List") (currently under seal).

"A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702," Fed. R. Civ. P. 26(a)(2), and such disclosure, at a minimum, must include a summary of the facts and opinions to which the witness is expected to testify,  Fed. R. Civ. P. 26(a)(2)(C). Defendants failed to make the required disclosure with respect to Mr. Thompson.

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "[E]xclusion is an appropriate remedy for failing to fulfill the required disclosure

requirements of Rule 26(a)." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Here, Defendants' failure to fulfill the expert disclosure requirements in Rule 26(a) is not substantially justified because Defendants have been aware of Mr. Thompson since the beginning of this lawsuit; indeed, he was once a party. Accordingly, Defendants had ample time to disclose him as an expert witness. Further, Defendants' failure to do so is not harmless because it deprived Plaintiff of the opportunity to depose Mr. Thompson and test his expert opinions. If Defendants had properly notified Plaintiff that they intended to call Mr. Thompson as an expert witness, Plaintiff's counsel would have deposed Mr. Thompson.

Because Defendants failed to satisfy their disclosure obligations, and their failure was neither substantially justified nor harmless, the Court should exclude the testimony of Mr. Thompson.

### III.    Mr. Thompson's testimony is not relevant and fails to meet the standard for lay opinion testimony.

Even if this Court finds that Mr. Thompson's proffered testimony does not constitute expert testimony under Rule 702, the testimony should be excluded because it is irrelevant and does not meet the standard for lay witness testimony. Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Irrelevant evidence is inadmissible. Fed. R. Evid. 402.

Mr. Thompson's anticipated testimony is not relevant. The Latah County Prosecuting Attorney has not been a defendant in this action for well over a year. His testimony has no bearing on how the Ada County Prosecuting Attorney—or any other Defendant—will enforce the Abortion Bans. Mr. Thompson cannot speak for these entities, and his opinions about how they are likely to behave are based on either speculation or hearsay. Nothing about the

4

anticipated testimony has a tendency to make any facts at issue in the case more or less probable, and his testimony is of no consequence in determining the outcome. For instance, Mr. Thompson previously disclaimed any authority to prosecute Dr. Seyb under the Abortion Bans. *See* Memo ISO Mot. Dismiss of Mems. Idaho Bd. Med. & 41 Cnty. Prosecutors [Dkt. 25-1], at 4-5 (stating that 43 out of the 44 counties do not have jurisdiction over the place where Dr. Seyb provides abortions). How he makes decisions about whether to initiate prosecutions in his jurisdiction is therefore not relevant to any determinations in the case.

Additionally, Mr. Thompson's testimony does not satisfy the standard for lay opinion testimony:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed R. Evid. 701. *See also* Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."). "[A] lay opinion witness 'may not testify based on speculation, rely on hearsay or interpret unambiguous, clear statements.'" *United States v. Lloyd*, 807 F.3d 1128, 1154 (9th Cir. 2015).

The information that Defendants anticipate Mr. Thompson will offer at trial goes beyond the witness's perception. Mr. Thompson cannot testify based on his personal knowledge as to what steps other governmental officers or agencies will take to enforce the Abortion Bans. Moreover, Mr. Thompson's testimony will not help the Court determine any fact in issue. Notably, none of the information contained in the summary of Mr. Thompson's testimony sheds light on whether Plaintiff faces a credible threat of

enforcement for committing a clear violation of the Total Abortion Ban, Idaho Code § 18-622, such as by providing abortion care to a patient at risk of self-harm or one carrying an embryo or fetus with a lethal condition. Mr. Thompson's opinion that, to initiate a case, a prosecutor would need more than a single doctor's testimony that "the physician performing the abortion did not make a good faith medical judgment," Defs.' Witness List at 18, is irrelevant because the law bans abortion in these circumstances regardless of whether a physician believes in good faith that it would benefit a patient's health. Idaho Code § 18-622(1)-(2). And, as discussed above, Defendants are seeking to offer testimony through Mr. Thompson that is based on specialized knowledge within the scope of Rule 702, rendering him an improper lay witness.

## CONCLUSION

For the reasons set forth above, the Court should extend the deadline for filing motions in limine, and grant Plaintiff's motion to exclude the testimony of Mr. Thompson.

Dated:  May 13, 2026

/s/ Stephanie Toti
Stephanie Toti*
stoti@lawyeringproject.org
LAWYERING PROJECT
41 Schermerhorn St., No. 1056
Brooklyn, NY 11201
Phone: (646) 490-1083
Fax: (646) 480-8622

Jamila Johnson*
jjohnson@lawyeringproject.org
LAWYERING PROJECT
900 Camp St., 3rd Fl., No. 1197
New Orleans, LA 70130
Phone: (347) 706-4981
Fax: (646) 480-8622

Tanya Pellegrini*
tpellegrini@lawyeringproject.org
LAWYERING PROJECT
584 Castro St., No. 2062
San Francisco, CA 94114
Phone: (646) 480-8973
Fax: (646) 480-8622

Paige Suelzle*
psuelzle@lawyeringproject.org
LAWYERING PROJECT
300 Lenora St., No. 1147
Seattle, WA 98121
Phone: (347) 515-6073
Fax: (646) 480-8622

Ronelle Tshiela*
rtshiela@lawyeringproject.org
LAWYERING PROJECT
1525 S. Willow St., Unit 17, No. 1156
Manchester, NH 03103
Phone: (347) 429-9834
Fax: (646) 480-8622

*Admitted *pro hac vice*

Kelly O'Neill
koneill@legalvoice.org
Idaho Bar No. 9303
LEGAL VOICE
P.O. Box 50201
Boise, ID 83705
Phone: (208) 649-4942

Wendy S. Heipt*
wheipt@legalvoice.org
LEGAL VOICE
907 Pine Street, No. 500
Seattle, WA 98101
Phone: (206) 954-6798

**Attorneys for Plaintiff**

7

**CERTIFICATE OF SERVICE**

I hereby certify that, on May 13, 2026, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will cause a copy to be served upon all counsel of record.

/s/ *Stephanie Toti*
Stephanie Toti