UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STACEY SEYB, M.D., <br><br>        Plaintiff, <br><br>     v. <br><br> MEMBERS OF THE IDAHO BOARD OF MEDICINE, in their official capacities; *et al.*, <br><br>        Defendants. | Case No. 1:24-cv-00244-BLW <br><br> **PRE-TRIAL ORDER** |

Following a conference with all counsel and the Court on May 13, 2026, the

Court enters the following Pre-Trial Order:

1. <u>Trial Schedule</u>: Trial will begin on Monday, June 8, 2026, at 9:00 a.m.

   The trial shall conclude on Monday, June 15, 2026.[1] We will take three

   15-minute breaks during the trial day.

2. <u>On-The-Clock</u>:

   a. The parties will be allotted 27.5 hours of total time to try this case.

---

[1] All witnesses except defense expert Dr. Elena Kraus are expected to testify by Friday, June 12, 2026. To accommodate witness availability, the Court will allow Dr. Kraus to testify on Monday, June 15, 2026.

**PRETRIAL ORDER - 1**

The 27.5 hours were computed by multiplying the number of full trial days (5) by 5.5 hours, the number of hours in a typical trial day.

b. Court staff will keep track of the time each party uses and provide reports to counsel at the end of each trial day, or first thing the following morning.

c. The clock is running on a party conducting opening statement, direct, cross, objections that are unsuccessful, and closing argument.

3. <u>Percentage Allocation of 27.5 Hours to Each Party</u>:

a. Plaintiff – 14.5 hours

b. Defendant – 13 hours

4. <u>Opening Statements/Closing Arguments/Proposed Findings of Fact and Conclusions of Law</u>: Counsel may opt to forego opening statements and closing arguments, or to submit written closing arguments. At the conclusion of the trial, the Court will allow each party to submit amended proposed findings of fact and conclusions of law.

5. <u>Copies of Exhibits</u>. At the conclusion of the trial, the parties should work together to submit a single thumb drive containing all admitted exhibits. This thumb drive should be provided to the Courtroom Deputy, Jamie Gearhart, on the last day of trial.

PRETRIAL ORDER - 2

6. Notice of Next-Day Witnesses: Witnesses should be identified as to when they will testify by 4:00 p.m. the day before the witnesses will testify. The notification to the opposing party will include a list of any demonstrative exhibits to be used by the witnesses.

7. Examination & Objections

   a. When you announce the name of your witness, either the courtroom deputy or I will summon them forward to be sworn, the courtroom deputy will administer the oath and, after the witness is seated, ask the witness to state their name and spell their last name for the record. I will then indicate to counsel that they may inquire of the witness.

   b. Please do not address parties or witnesses (including your own) by her or his first name unless such familiarity is clearly appropriate and is not likely to be offensive to the witness.

   c. In case of doubt, don't.

   d. Your clients and your witnesses should be instructed that they should always refer to you and opposing counsel by their last names.

   e. Objections and motions should be very spare—even though this is a bench trial.

      i. Examples of improper objections: "I object to that question, Your Honor, because I am sure that Charlie Witness didn't read

PRETRIAL ORDER - 3

that document very carefully before he signed it"; or, "I object, Your Honor, because Charlene Witness has already testified that she can't remember."

f.  Obviously these "speaking objections" would suggest an answer.

g.  While bench conferences can be distracting and are discouraged, they are preferable to statements such as those cited above. Almost all objections should be stated in one to three words ("hearsay," "asked & answered," "irrelevant," etc.).

DATED: May 20, 2026

_____
B. Lynn Winmill
U.S. District Court Judge

**PRETRIAL ORDER - 4**