UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

STACY SEYB, M.D.,

    Plaintiff,

    v.

MEMBERS FOR THE IDAHO BOARD
OF MEDICINE, in their official
capacities, *et al.*,

    Defendant.

Case No. 1:24-cv-00244-BLW

**MEMORANDUM DECISION AND
ORDER RE MOTION IN LIMINE**

**INTRODUCTION**

Before the Court is Plaintiff Stacy Seyb's Motion in Limine to Exclude
Testimony of William W. Thompson, Jr. (Dkt. 111). For the reasons described
below, the Court will grant the motion.

**BACKGROUND**

The present action challenges Idaho's abortion ban as applied to situations
where abortion is medically indicated or the woman faces a risk of death from self-
harm. Plaintiff Dr. Seyb, a maternal-fetal medicine specialist, filed suit against the
members of the Idaho Board of Medicine and the prosecuting attorneys of every
county in Idaho. Because Dr. Seyb practices in Boise and faces the risk of
prosecution exclusively in Ada County, this Court dismissed every prosecutor

MEMORANDUM DECISION AND ORDER - 1

except for the Ada County Prosecuting Attorney. Dkt. 54.

Trial is set to begin on June 8, 2026. Defendants intend to call William W. Thompson, Jr., the Latah County Prosecuting Attorney, as a lay witness. Dr. Seyb's Motion in Limine seeks to preclude Mr. Thompson's testimony at trial.

## LEGAL STANDARD

Motions in limine are a "procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). Like other pretrial motions, they are "useful tools to resolve issues which would otherwise clutter up the trial." *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017). Rulings on motions in limine are preliminary opinions that are "entirely within the discretion of the district court." *Id.*; *see Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). Further, such rulings are provisional and therefore "not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

## ANALYSIS

The parties agree that Mr. Thompson is presented to this Court as a lay witness. As such, Mr. Thompson may only testify based on his "personal knowledge of the matter." Fed. R. Ev. 602. His testimony must also satisfy Federal Rule of Evidence 701, which provides that lay witness opinion testimony must be

**MEMORANDUM DECISION AND ORDER - 2**

"(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge." Dr. Seyb contends that Mr. Thompson's testimony is expert testimony that does not satisfy Rule 701. He also contends that the testimony is irrelevant.

Defendants claim that Thompson's personal knowledge and experience as an elected county prosecutor are sufficient to provide a lay opinion on how county prosecutors may approach the Defense of Life Act. It is true that witnesses with professional backgrounds may testify as lay witnesses rather than as experts. *See United States v. Barragan*, 871 F.3d 689, 704 (9th Cir. 2017) ("[T]he line between lay and expert opinion depends on the basis of the opinion, not its subject matter."). But, to do so, they cannot rely on speculation or hearsay, nor may they rely upon their particular expertise; they must rely on their personal experience and observations.[1] Under Rule 602, personal knowledge is limited to "concrete facts;" in other words, "knowledge produced by the direct involvement of the senses." *United States v. Lopez*, 762 F.3d 852, 863-65 (9th Cir. 2014).

---

[1] *See* Fed. R. Ev. 701 notes of advisory committee on proposed rules ("Limitation (a) is the familiar requirement of first-hand knowledge or observation."); *see also* Fed. R. Ev. 701 advisory committee's note to 2000 amendment ("Lay testimony 'results from a process of reasoning familiar in everyday life,' while expert testimony 'results from a process of reasoning which can be mastered only by specialists in the field.'") (quoting *State v. Brown*, 836 S.W.2d 530, 549 (1992)).

MEMORANDUM DECISION AND ORDER - 3

Here, Mr. Thompson has neither prosecuted nor investigated violations of the Act. Nor has he personally observed the Ada County Prosecuting Attorney implementing the Act. Indeed, testimony about whether "county prosecutors generally will take a capacious and unwarranted view of the Defense of Life Act," Dkt. 111 at 4, necessarily speculates on the probability of future events based on Mr. Thompson's professional expertise as a prosecutor. *See also United States v. Gadson*, 763 F.3d 1189, 1212 (discussing how lay testimony would not "be merely speculative" because it is "regarding firsthand observations"). Personal experience cannot put Mr. Thompson "in possession of an accurate reproduction of the event" when no such prosecutions have yet occurred. *See* Fed. R. Ev. 701 notes of advisory committee on proposed rules.

Testimony based on the "perceptions, education, training, and experience" of a witness that requires "specialized knowledge" is properly considered expert, not lay, testimony. *United States v. Figuroa-Lopez*, 125 F.3d 1241, 1246 (9th Cir. 1997). The testimony that Defendants wish to provide from Mr. Thompson requires "demonstrable expertise" that is "based on training and experience" and is therefore inadmissible as a lay opinion. *Id.* Parties may not "proffer[] an expert in lay witness clothing." Fed. R. Ev. 701 advisory committee's note to 2000 amendment. As a result, the Court is unpersuaded that his testimony satisfies lay requirements of personal knowledge.

**MEMORANDUM DECISION AND ORDER - 4**

Furthermore, irrelevant evidence is not admissible. Fed. R. Ev. 402. And, evidence that is not helpful is not admissible under Rule 701(b). As this Court noted previously, Dr. Seyb exclusively provides abortions in Ada County and only faces a risk of prosecution by the Ada County Prosecuting Attorney. *See* Dkt. 54. Because Mr. Thompson can only speak about his personal knowledge and experience as a lay witness, he could not speculate on what the Ada County Prosecuting Attorney would do. Conversely, because the Ada County Prosecuting Attorney is a party to this suit and will have the opportunity to speak, this Court is not convinced that Mr. Thompson's testimony would "have a tendency to make a fact more or less probable." Fed. R. Ev. 401. Therefore, Mr. Thompson's personal knowledge regarding actions of the Latah County Prosecutor's Office is of little consequence to this action.

## ORDER

**IT IS ORDERED that** Stacy Seyb's Motion in Limine to Exclude Testimony of William W. Thompson, Jr. (Dkt. 107) is GRANTED.

DATED: June 2, 2026



B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 5