Kelly O'Neill
Idaho Bar No. 9303
LEGAL VOICE
P.O. Box 50201
Boise, ID 83705
Phone: (208) 649-4942
koneill@legalvoice.org

Wendy S. Heipt*
LEGAL VOICE
907 Pine St., No. 500
Seattle, WA 98101
Phone: (206) 954-6798
wheipt@legalvoice.org

Jamila Johnson*
LAWYERING PROJECT
900 Camp St., 3rd Fl., No. 1197
New Orleans, LA 70130
Phone: (347) 706-4981
jjohnson@lawyeringproject.org

Tanya Pellegrini*
LAWYERING PROJECT
584 Castro St., No. 2062
San Francisco, CA 94114
Phone: (646) 480-8973
tpellegrini@lawyeringproject.org

Paige Suelzle*
LAWYERING PROJECT
300 Lenora St., No. 1147
Seattle, WA 98121
Phone: (347) 515-6073
psuelzle@lawyeringproject.org

Stephanie Toti*
LAWYERING PROJECT
41 Schermerhorn St., No. 1056
Brooklyn, NY 11201
Phone: (646) 490-1083
stoti@lawyeringproject.org

Ronelle Tshiela*
LAWYERING PROJECT
1525 S. Willow St., Unit 17, No. 1156
Manchester, NH 03103
Phone: (347) 429-9834
rtshiela@lawyeringproject.org

*Admitted *pro hac vice*

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| STACY SEYB, M.D.,<br><br>Plaintiff,<br><br>v.<br><br>MEMBERS OF THE IDAHO BOARD OF MEDICINE, in their official capacities; *et al*,<br><br>Defendants,<br><br>and<br><br>ATTORNEY GENERAL RAÚL LABRADOR,<br><br>Defendant-Intervenor. | Case No.: 1:24-cv-00244-BLW<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO THE ATTORNEY GENERAL'S OBJECTION** |

On the first day of trial in this matter, Attorney General Raúl Labrador objected to Plaintiff's request for relief against him, even though he intervened in the lawsuit as a Defendant. The Court asked Plaintiff to file a written response. Plaintiff respectfully files this response in opposition to the Attorney General's objection.

## BACKGROUND

On May 24, 2024, Plaintiff Stacy Seyb, M.D., filed this case challenging the constitutionality of Idaho's abortion bans—Idaho Code § 18-622 ("Total Abortion Ban"), and Idaho Code §§ 18-8801 to 18-8808 ("Fetal Heartbeat Act")—as they apply to medically indicated abortion care. On April 25, 2025, Raúl Labrador, the Idaho Attorney General, moved to intervene as a Defendant under Federal Rule of Civil Procedure ("FRCP") 24(a)(2). *See* Motion to Intervene [Dkt. # 61]. He stated: "The Attorney General, as the elected attorney of the people of the State of Idaho, seeks to intervene to defend the same laws that Plaintiff challenges." *Id.* He further stated that "there is a direct relationship between what he wants to defend and claims made by Plaintiff." *Id.* at 5. Plaintiff did not oppose the motion, and the Court granted it on June 3, 2025. Mem. Decision & Order [Dkt. 66]. Since then, the Attorney General has participated in the case as a full party.

## ARGUMENT

It is well settled that "[i]ntervenors under Fed. R. Civ. P. 24(a)(2) … enter the suit with the status of original parties and are fully bound by all future court orders." *United States v. Oregon,* 657 F.2d 1009, 1014 (9th Cir. 1981). In *California Chamber of Commerce v. Council for Education & Research on Toxics,* 29 F.4th 468, 483 (9th Cir. 2022), the Ninth Circuit affirmed a preliminary injunction against a defendant-intervenor. The Court held that the defendant-intervenor had the same obligations and rights as the defendant in the case, including "the duty to be bound by the district court's injunction order." *Id.*

The Attorney General cannot escape the consequences of his intervention by retroactively claiming to have intervened for a limited purpose. Only when a court imposes specific limitations or conditions upon an intervening party is that party's status so limited. *Cahill v. Insider Inc.*, 131 F.4th 933, 937 (9th Cir. 2025) (rejecting an intervenor's "attempts to dull the effect of its party status by arguing it is only a limited-purpose intervenor that should not be subject to the Protective Order or the district court's discovery orders"). In *Cahill*, the Ninth Circuit explained that, "by entering into the litigation here, [the intervenor] obtained the same rights and obligations that any other party would obtain." *Id.* at 938.

The Attorney General's reliance on *Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631 (9th Cir. 2015) is misplaced. The case did not involve intervention. The plaintiff sought a preliminary injunction against the original defendants based on a purported likelihood of success on a set of claims that were unrelated to the claims asserted in its complaint. *Id.* at 637 ("PRO fails to explain how the privacy claims underlying the motion for injunctive relief relate to the unfair trade practices claims in its complaint."). Here, Plaintiff is seeking a final judgment on precisely the claims asserted in his complaint, and he is entitled to relief on those claims from both the Defendants named in the complaint and the Attorney General who subsequently intervened in the lawsuit and answered the complaint. *See* Att'y Gen. Raúl Labrador's Answer [Dkt. 61-2]. Notably, when entering a final judgment, a court "should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Fed. R. Civ. P. 54(c). Indeed, the First Circuit recently distinguished *Pacific Radiation Oncology* on the ground that "[i]t and the precedent it cited spoke only to preliminary injunctions, which are governed by a different set of considerations [than permanent injunctive relief]." *See Colón v. State Ins. Fund Corp.,* 169 F.4th 13, 22 n.2 (1st Cir. 2026).

In sum, the Court should not permit the Attorney General to reap the benefits of being a party to this litigation without being bound the final judgment. Federal Rules of Civil Procedure 24 and 54—as well as Ninth Circuit precedent—authorize the Court to enter relief against the Attorney General to the same extent as the original Defendants, and it should do so.

## CONCLUSION

For the reasons set forth above, the Court should overrule the Attorney General's objection.

Dated: June 10, 2026

*/s/ Stephanie Toti*

Stephanie Toti*
LAWYERING PROJECT
41 Schermerhorn St., No. 1056
Brooklyn, NY 11201
Phone: (646) 490-1083
stoti@lawyeringproject.org

Jamila Johnson*
LAWYERING PROJECT
900 Camp St., 3rd Fl., No. 1197
New Orleans, LA 70130
Phone: (347) 706-4981
jjohnson@lawyeringproject.org

Tanya Pellegrini*
LAWYERING PROJECT
584 Castro St., No. 2062
San Francisco, CA 94114
Phone: (646) 480-8973
tpellegrini@lawyeringproject.org

Paige Suelzle*
LAWYERING PROJECT
300 Lenora St., No. 1147
Seattle, WA 98121
Phone: (347) 515-6073
psuelzle@lawyeringproject.org

Ronelle Tshiela*
LAWYERING PROJECT
1525 S. Willow St., Unit 17, No. 1156
Manchester, NH 03103
Phone: (347) 429-9834
rtshiela@lawyeringproject.org

Kelly O'Neill
Idaho Bar No. 9303
LEGAL VOICE
P.O. Box 50201
Boise, ID 83705
Phone: (208) 649-4942
koneill@legalvoice.org

Wendy S. Heipt*
LEGAL VOICE
907 Pine Street, No. 500
Seattle, WA 98101
Phone: (206) 954-6798
wheipt@legalvoice.org

**Admitted pro hac vice*

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that, on June 10, 2026, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will cause a copy to be served on all counsel of record.

*/s/ Stephanie Toti*
Stephanie Toti