RAÚL R. LABRADOR
ATTORNEY GENERAL

YVONNE DUNBAR, ISB #7200
Chief Counsel

JAMES E. M. CRAIG, ISB #6365
Chief, Civil Litigation and
Constitutional Defense

AARON M. GREEN, ISB #12397
KYLE D. GRIGSBY, ISB #10709
Deputy Attorneys General
Office of the Attorney General
P.O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
james.craig@ag.idaho.gov
aaron.green@ag.idaho.gov
kyle.grigsby@ag.idaho.gov

*Attorneys for Defendants Members
of the Idaho Board of Medicine, and
Intervenor Attorney General Raúl Labrador*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STACY SEYB, M.D. <br><br> *Plaintiff,* <br><br> v. <br><br> MEMBERS OF THE IDAHO BOARD OF MEDICINE, in their official capacities; *et al.,* <br><br> *Defendants,* | Case No. 1:24-cv-00244-BLW <br><br> **ATTORNEY GENERAL LABRADOR'S REPLY IN SUPPORT OF OBJECTION TO PLAINTIFF SEEKING INJUNCTIVE RELIEF AGAINST ATTORNEY GENERAL** |

Plaintiff tries to frame this objection as the Attorney General unfairly seeking the benefits of intervention while avoiding the costs. But the real issue is whether Plaintiff may belatedly seek injunctive relief against the Attorney General that he did not seek in his complaint. He cannot.

## BACKGROUND

When Plaintiff filed this case in May 2024, he named the members of the Idaho Board of Medicine and every county prosecutor in the State as defendants, but he did not name the Attorney General. Dkt. 1. The same was true of his amended complaint filed April 2025. Dkt. 56. The amended complaint sought injunctive relief against all named defendants. *Id.* at 25–27.

The court dismissed Plaintiff's claims against all of the county prosecutors except the Ada County Prosecutor and denied the motion to dismiss as to the members of the Idaho Board of Medicine. Dkt. 54. The Attorney General then moved to intervene in his capacity as the attorney for the State to "defend the constitutionality of the Defense of Life Act and the Fetal Heartbeat Preborn Child Protection Act." Dkt. 61-1 at 4. The Court granted the Attorney General's motion to intervene, recognizing that "the Attorney General has a duty to represent the State's interest" and would focus on "defend[ing] the broader constitutionality of the statute." Dkt. 66 at 3–5.

Plaintiff has not amended his complaint since the Attorney General became a party. As a result, while the parties have engaged in discovery regarding the likelihood of enforcement by the defendants named in the amended complaint—a point that was disputed in motion to dismiss and summary judgment motion, and is still disputed today, *see* Dkt. 25-1 at 12–20, Dkt. 79-1 at 9–15—the parties did not engage in any similar discovery pertaining to the Attorney General.

On the eve of trial, Plaintiff's proposed findings of fact and conclusions of law suggested, for the first time, that he sought permanent injunctive relief against the Attorney General. Dkt. 140 ¶¶ 381, 382 (asking the Court to "permanently enjoin Defendants *and Defendant-Intervenor*)

(emphasis added). The Attorney General therefore promptly objected to this relief during the first day of trial on the ground that there has been no claim raised against him in the amended complaint.

## ARGUMENT

Because Plaintiff has not pleaded any claim against the Attorney General, the Court has no authority to grant relief against the Attorney General.

It is well-established in the Ninth Circuit that "[a] court's equitable power lies only over the merits of the case or controversy before it." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("*PRO*"). Thus, "[w]hen a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Id.*; *accord* Fed. R. Civ. P. 8 (complaint must set forth claims and relief). Indeed, if the rule were otherwise, there would be serious due process concerns based on a defendant's inability to understand the allegations and mount a defense against them before being subject to an injunction from the court.

Thus, the Ninth Circuit has repeatedly rejected attempts to procure injunctive relief based on unpled claims. In *PRO*, a plaintiff bringing an unfair trade practices claim sought a preliminary injunction against the defendant, arguing that the defendant had violated HIPPA and state law by improperly filing protected health information on the public docket during litigation. 810 F.3d at 634. Because the plaintiff's "complaint did not contain a claim" based on privacy violations, the Court held that the district court "lack[ed] authority to grant the requested relief." *Id.* at 633, 636.

Even more on point, the Ninth Circuit has also rejected attempts to secure equitable relief "against [d]efendants against whom [a] claim was not pled." *LA All. for Hum. Rts. v. Cnty. of Los Angeles*, 14 F.4th 947, 957 (9th Cir. 2021) ("*LA Alliance*"). In *LA Alliance*, the plaintiffs sued the County of Los Angeles and the City of Los Angeles based on their homelessness policies, but some

claims were brought against only the County and some claims were brought against only the City. *Id.* at 955. The district court granted relief against both defendants based on claims brought against only one defendant, and the Ninth Circuit reversed, citing *PRO* and explaining that "the district court did not have authority to grant relief against the City" based on a claim that was "asserted . . . only against the County." *Id.* at 957, 959.

These cases are controlling here. Plaintiff indicated for the first time in his proposed findings of fact and conclusions of law that he is seeking a permanent injunction against the Attorney General. Dkt. 104 ¶¶ 381–82. But Plaintiff's operative complaint does not raise *any* claim against the Attorney General—the claims are against only the members of the Board of Medicine and the Ada County Prosecutor. Dkt. 56 ¶¶ 17–62. The Court therefore does "not have authority to grant relief against the" Attorney General. *LA Alliance*, 14 F.4th at 959.

To be sure, Plaintiff "might have sought leave to amend [his] complaint to include a claim" against the Attorney General, or he might have sued the Attorney General from the outset of litigation. *PRO*, 810 F.3d at 638. But he "did neither." *Id.* Indeed, he *still* has not asked for leave to amend his complaint to add a claim against the Attorney General, nor shown good cause to do so. *E.g., Stimpson v. Midland Credit Mgmt., Inc.*, 347 F. Supp. 3d 538, 552 (D. Idaho 2018) ("Motions to amend a pleading after the scheduling order deadline has expired are governed not by the liberal provisions of Rule 15(a) of the Federal Rules of Civil Procedure but by the more restrictive provisions of Rule 16(b), which requires a showing of 'good cause.'") (citation omitted). Such amendment would be improper at this stage anyway—setting aside whether the Attorney General has the authority to enforce the law at issue at all, discovery has already concluded in this case, and the presentation of evidence is nearly over. If Plaintiff wanted to add a claim against the Attorney General, he would have needed to do it while the Attorney General had time to develop

evidence in support of a defense, including against the argument that there is a "substantial threat" the Attorney General will enforce the law against Plaintiff. *Peace Ranch, LLC v. Bonta*, 93 F.4th 482, 489 (9th Cir. 2024).

Plaintiff has no persuasive answer to this precedent. He seeks to distinguish *PRO* on the ground that *PRO* "did not involve intervention," Dkt. 125 at 3, but that is irrelevant—if plaintiffs cannot obtain relief against a *named defendant* based on an unpled claim, they *certainly* cannot obtain relief against an *intervenor* based on an unpled claim. Nor are claims against a named defendant silently transformed into a claim against an intervenor, particularly one who is not mentioned even once in the complaint and intervened only to "defend the broader constitutionality of the statute." Dkt. 66 at 3–5.

Plaintiff also argues that Ninth Circuit precedent is distinguishable because it concerned preliminary injunctions rather than permanent injunctions. Dkt 125 at 3 (citing *García v. State Ins. Fund Corp.*, 169 F.4th 13, 22 n.2 (1st Cir. 2026)). That distinction makes no difference either—in fact, *PRO*'s limitation on the scope of preliminary relief that may be sought was specifically based on the facts that (1) permanent relief must be based on claims actually pled, and (2) preliminary relief must be "of the same nature as that to be finally granted." 810 F.4th at 636 (citing *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)).

With no way to rebut binding Ninth Circuit precedent, Plaintiff changes the subject. He argues that the Attorney General is attempting to "escape the consequences of his intervention," Dkt. 125 at 3, seeking to analogize to a case where an intervenor refused to comply with a discovery order issued pursuant to the district court's "inherent powers to oversee discovery in cases before it." *Cahill v. Insider Inc.*, 131 F.4th 933, 938 (9th Cir. 2025). Not so—the Attorney General has participated in discovery, briefing, and trial, and he has abided by all orders of the

Court while doing so. Again, there is no question that Plaintiff *could have* sought relief against the Attorney General, but precedent requires that he bring a claim against the Attorney General first—as would be required to procure relief against any defendant—and Plaintiff did not do so.

Plaintiff's other Ninth Circuit case doesn't help him either. There, the Court held that, "in the context of [that] litigation," an intervenor was "acting in concert" with the enjoined party, and therefore subject to the district court's injunction tracking Federal Rule of Procedure 65(d)(2)(C). *Cal. Chamber of Com. v. Council for Educ. & Rsch. on Toxics*, 29 F.4th 468, 474, 483 (9th Cir. 2022). The Court did *not* hold that intervenors could be directly enjoined as a party based on claims that were not pled against them. Moreover, Plaintiff does not argue that the Attorney General is acting in concert with the named defendants. Sensibly so—unlike the intervenor in *California Chamber of Commerce*, the Attorney General has not intervened with the goal of being able to enforce the laws at issue (he actually disclaims any authority to enforce the statute), but only to defend the constitutionality of Idaho law. Dkt. 66 at 3–5.

## CONCLUSION

It was not until the eve of trial that the Attorney General was given any notice that he could be subject to an injunction. No claim had been brought against him at all during the entire litigation, and there is still no claim against him in the operative complaint. The Court therefore lacks authority to order relief against the Attorney General. It should sustain the Attorney General's objection and refuse to grant injunctive relief against the Attorney General.

DATED: June 12, 2026

STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL


/s/*Aaron M. Green*
AARON M. GREEN
Deputy Attorney General

*Attorney for Defendants Members
of the Idaho Board of Medicine,
and Intervenor Attorney General
Raúl Labrador*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT on June 12, 2026, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Jamila Johnson
jjohnson@lawyeringproject.org

Tanya Pellegrini
tpellegrini@lawyeringproject.org

Paige Suelzle
psuelzle@lawyeringproject.org

Stephanie Toti
stoti@lawyeringproject.org

Wendy S. Heipt
wheipt@legalvoice.org

Ronelle Tshiela
Rtshiela@lawyeringproject.org

Joy Williams
jwilliams@lawyeringproject.org

Kelly O'Neill
koneill@legalvoice.org

*Attorneys for Plaintiff*

/s/ *Aaron M. Green*
AARON M. GREEN