William G. Mitchell
Idaho Bar No. 9662
LEGAL VOICE
1207 W. Sandcrest Ct.
Nampa, ID 83686
Phone: (208) 995-1451
wmitchell@legalvoice.org

Wendy S. Heipt*
LEGAL VOICE
907 Pine St., No. 500
Seattle, WA 98101
Phone: (206) 954-6798
wheipt@legalvoice.org

Jamila Johnson*
LAWYERING PROJECT
900 Camp St., 3rd Fl., No. 1197
New Orleans, LA 70130
Phone: (347) 706-4981
jjohnson@lawyeringproject.org

Tanya Pellegrini*
LAWYERING PROJECT
584 Castro St., No. 2062
San Francisco, CA 94114
Phone: (646) 480-8973
tpellegrini@lawyeringproject.org

Paige Suelzle*
LAWYERING PROJECT
300 Lenora St., No. 1147
Seattle, WA 98121
Phone: (347) 515-6073
psuelzle@lawyeringproject.org

Stephanie Toti*
LAWYERING PROJECT
41 Schermerhorn St., No. 1056
Brooklyn, NY 11201
Phone: (646) 490-1083
stoti@lawyeringproject.org

Ronelle Tshiela*
LAWYERING PROJECT
1525 S. Willow St., Unit 17, No. 1156
Manchester, NH 03103
Phone: (347) 429-9834
rtshiela@lawyeringproject.org

*Admitted *pro hac vice*

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| STACY SEYB, M.D.,<br><br>Plaintiff,<br><br>v.<br><br>MEMBERS OF THE IDAHO BOARD OF MEDICINE, in their official capacities; *et al.*,<br><br>Defendants,<br><br>and<br><br>ATTORNEY GENERAL RAÚL LABRADOR,<br><br>Defendant-Intervenor. | Case No.: 1:24-cv-00244-BLW<br><br>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND THE COURT'S POSTTRIAL ORDER AND GRANT DECLARATORY RELIEF** |

## INTRODUCTION

Plaintiff respectfully submits this memorandum of law in support of his motion to amend the Court's posttrial order to include a grant of declaratory relief.

As explained below, this Court has inherent authority to modify its Findings of Fact, Conclusions of Law, and Order ("Order") [Dkt. No. 147] before entry of final judgment, as well as specific authority under Federal Rules of Civil Procedure 52(b) and 54(b). Further, Plaintiff timely requested declaratory relief, *see* Pl.'s Posttrial Proposed Findings of Fact & Conclusions of Law [Dkt. No. 145] at 174-75; Am. Compl. [Dkt. No. 56] at 25-27; Compl. [Dkt. No. 1] at 24-26, and the Court's conclusions of law show that Plaintiff is entitled to declaratory relief, Order at 39-77.

## STATEMENT OF FACTS

On May 24, 2024, Plaintiff Stacy Seyb, M.D., filed this case challenging the constitutionality of Idaho's abortion bans—Idaho Code § 18-622, and Idaho Code §§ 18-8801 to 18-8808—as they apply to medically indicated abortion care. In his complaint and amended complaint, Dr. Seyb requested both declaratory and injunctive relief. Am. Compl. at 25-27; Compl. at 24-26. He renewed those requests in his posttrial briefing. Pl.'s Posttrial Proposed Findings of Fact & Conclusions of Law at 174-77.

On August 13, 2026, after a six-day trial, this Court issued the Order.[1] There, the Court, held that "the right to a health-preserving abortion is one of the liberties guaranteed by the Due Process Clause of the Fourteenth Amendment," *id.* at 72, and that "[a]s applied to health-preserving abortions, the Defense of Life Act and Fetal Heartbeat Act are unconstitutional," *id.*

[1] On August 18, 2026, the Defendants filed a Notice of Appeal, [Dkt. No. 148], and a Motion to Stay the Injunction Pending Appeal, [Dkt. No. 149].

at 74. The Court further held that Idaho's exclusion of self-harm from the death-of-the-mother exception violates the Equal Protection Clause of the Fourteenth Amendment. *Id.* at 74-77. As to the remedy, the Court enjoined the Ada County Prosecuting Attorney and Attorney General of Idaho from enforcing the Defense of Life Act, Idaho Code § 18-622, and the Fetal Heartbeat Act, Idaho Code § 18-8804, in cases where: (1) "a physician has determined, in his or her good faith medical judgment, that continuation of the pregnancy poses a non-negligible risk of serious and lasting harm to the health of the pregnant woman," and (2) "a physician has determined, in his or her good faith medical judgment, that abortion is necessary to prevent a non-negligible risk that continuation of the pregnancy will result in the death of the pregnant woman from self-harm." *Id.* at 80. The Order did not address Plaintiff's request for declaratory relief. *See id.*

## ARGUMENT

### I. The Court Has Authority to Amend the Order

Rules 52(b) and 54(b) both authorize the Court to modify its Order before entry of final judgment.[2] In addition, the Court has inherent authority to do so.

Under Rule 52(b) of the Federal Rules of Civil Procedure, "[o]n a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly." Fed. R. Civ. P. 52 (b). Rule 52(b) "permits counsel to ask the court to correct, on the non-jury record before it, any errors of law, mistakes of fact or oversights that require correction." *E.E.O.C. v. Sunfire Glass, Inc.*, No. CV-08-1784PHX-LOA, 2009 WL 2450472, at *2 (D. Ariz. Aug. 11, 2009) (citing *U.S. Gypsum Co. v. Schiavo Bros., Inc.,* 668 F.2d 172, 180 (3d Cir. 1981); *Granat v. Schoepski,* 272 F.2d 814, 815 (9th Cir. 1959)).

[2] Rules 59(e) and 60(b) authorize certain modifications after the entry of final judgment.

Additionally, under Rule 54(b) of the Federal Rules of Civil Procedure, when an action presents more than one claim for relief, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54 (b). "Under Rule 54(b), such a determination and such a direction are required where it is sought to impart finality to an order or judgment which does not dispose of all claims." *Metal Coating Corp. v. Nat'l Steel Const. Co.*, 350 F.2d 521, 522 (9th Cir. 1965); *see United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000) (finding that "the district court had inherent jurisdiction to modify, alter, or revoke" a non-final order); *Nat'l Tr. for Historic Pres. v. Suazo*, No. CV-13-01973-PHX-DGC, 2015 WL 3613850, at *2 (D. Ariz. June 9, 2015) (partially granting plaintiffs' request to modify a summary judgment order to include injunctive relief because the "Court has power to do so under Rule 54(b) and inherently").

Further, this Court has inherent authority to revise its order. "[A] district court ordinarily has the power to modify or rescind its orders at any point prior to final judgment in a civil case." *Dietz v. Bouldin*, 579 U.S. 40, 46 (2016). Indeed, "[a]s long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001).

## II. Plaintiff is Entitled to Declaratory Relief

The Declaratory Judgment Act provides that, "[i]n a case of actual controversy within its jurisdiction," except in circumstances not relevant here, "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28

U.S.C. § 2201(a). "Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." *Id.*

Based on the conclusions of law set forth in the Order, Plaintiff is entitled to a declaration that:

a. The Due Process Clause of the Fourteenth Amendment protects the right to life- and health-preserving abortions;

b. Insofar as the Defense of Life Act, Idaho Code § 18-622, or the Fetal Heartbeat Act, Idaho Code § 18-8804, prohibits abortion in cases where a physician has determined, in his or her good faith medical judgment, that abortion is necessary to prevent a non-negligible risk that continuation of the pregnancy will result in the death of the pregnant woman from self-harm, it violates the Due Process Clause of the Fourteenth Amendment;

c. Insofar as the Defense of Life Act, Idaho Code § 18-622, or the Fetal Heartbeat Act, Idaho Code § 18-8804, treats pregnant people who face a risk of death from mental health conditions differently than pregnant people who face a risk of death from other medical conditions, it violates the Equal Protection Clause of the Fourteenth Amendment;

d. Insofar as the Defense of Life Act, Idaho Code § 18-622, or the Fetal Heartbeat Act, Idaho Code § 18-8804, prohibits abortion in cases where a physician has determined, in his or her good faith medical judgment, that continuation of the pregnancy poses a non-negligible risk of serious and lasting harm to the health of the pregnant woman, it violates the Due Process Clause of the Fourteenth Amendment.

### III. The Court Should Amend the Order to Include a Grant of Declaratory Relief

Given that Plaintiff made a timely request for declaratory relief; the Court's conclusions of law demonstrate that Plaintiff is entitled to declaratory relief; and as the Court has not yet entered final judgment under Rule 58, the Court should amend the Order to include a grant of declaratory relief. Doing so would impart finality and resolve Dr. Seyb's outstanding request for relief. Importantly, it would not raise any new issues or require additional findings of fact. Indeed, in the Order, the Court determined that: "[T]he relief Dr. Seyb seeks—and the evidence needed to justify it—are substantively identical to the claims of his complaint. He asks the Court to recognize a constitutional right to abortion to protect a woman's life and health." Order [Dkt. No. 147] at 39.

## CONCLUSION

For the reasons set forth above, the Court should amend the Order to include a grant of declaratory relief based on its conclusions of law.

Dated: August 21, 2026

*/s/ Stephanie Toti*
Stephanie Toti*
stoti@lawyeringproject.org
LAWYERING PROJECT
41 Schermerhorn St., No. 1056
Brooklyn, NY 11201
Phone: (646) 490-1083
Fax: (646) 480-8622

Jamila Johnson*
jjohnson@lawyeringproject.org
LAWYERING PROJECT
900 Camp St., 3rd Fl., No. 1197
New Orleans, LA 70130
Phone: (347) 706-4981
Fax: (646) 480-8622

Tanya Pellegrini*
tpellegrini@lawyeringproject.org
LAWYERING PROJECT
584 Castro St., No. 2062
San Francisco, CA 94114
Phone: (646) 480-8973
Fax: (646) 480-8622

Paige Suelzle*
psuelzle@lawyeringproject.org
LAWYERING PROJECT
300 Lenora St., No. 1147
Seattle, WA 98121
Phone: (347) 515-6073
Fax: (646) 480-8622

Ronelle Tshiela*
rtshiela@lawyeringproject.org
LAWYERING PROJECT
1525 S. Willow St., Unit 17, No. 1156
Manchester, NH 03103
Phone: (347) 429-9834
Fax: (646) 480-8622

*Admitted *pro hac vice*

William G. Mitchell
Idaho Bar No. 9662
LEGAL VOICE
1207 W. Sandcrest Ct.
Nampa, ID 83686
Phone: (208) 995-1451
wmitchell@legalvoice.org

Wendy S. Heipt*
wheipt@legalvoice.org
LEGAL VOICE
907 Pine Street, No. 500
Seattle, WA 98101
Phone: (206) 954-6798

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that, on August 21, 2026, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will cause a copy to be served upon all counsel of record.

*/s/ Stephanie Toti*
Stephanie Toti