UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

STACY SEYB, M.D.,

Plaintiff,

v.

MEMBERS OF THE IDAHO BOARD OF MEDICINE, in their official capacities; *et al.*,

Defendants.

Case No. 1:24-cv-00244-BLW

**MEMORANDUM DECISION AND ORDER**

## INTRODUCTION

On August 13, 2026, the Court issued an injunction in this case. The following week, Intervenor Attorney General Raúl Labrador filed an Emergency Motion for Stay of Injunction Pending Appeal (Dkt. 149). The Attorney General announced his intent to file an emergency request with the Ninth Circuit on August 26, 2026, and asked the Court to rule on the motion "as soon as possible and, in any event, no later than Tuesday, August 25, 2026." *See Motion Mem.*, Dkt. 149-1, at 15. As a result, the Court expedited the briefing schedule, and is now prepared to issue its ruling. For the reasons explained below, the Court will grant the motion to

the extent that the Attorney General asks the Court to limit the injunction to Plaintiff Dr. Stacy Seyb. The motion will be denied in all other respects.

## DISCUSSION

### A. The AG's Request for a Stay of the Entire Injunction

The Court is not persuaded that the Attorney General has made the showing needed to stay the injunction based on his challenges to the Court's substantive due process and equal protection rulings. The Attorney General's arguments mostly revisit issues addressed in the Court's opinion, and the Court remains persuaded by the reasoning laid out in its opinion. Consequently, a stay on those grounds will be denied.

### B. The AG's Request for a Narrowing of the Injunction

The Court will, however, grant the Attorney General's request to limit the scope of the injunction. The Court's order prohibits the Ada County Prosecuting Attorney and Attorney General of Idaho from enforcing the challenged statutes in two situations. First, it prohibits enforcement where a physician has determined that continuation of the pregnancy poses a non-negligible risk of serious and lasting harm to the health of the pregnant woman. Second, it prohibits enforcement where a physician has determined that abortion is necessary to prevent a non-negligible risk that continuation of the pregnancy will result in the death of the pregnant woman from self-harm. The injunction thus prohibits the Ada County

Prosecuting Attorney and Attorney General of Idaho from enforcing the challenged statutes against anyone, even though Dr. Seyb is the only plaintiff before the Court.

The Attorney General argues that the Court erred by issuing this injunction in light of the Supreme Court's order in *Labrador v. Poe ex rel Poe*, 1441 S. Ct. 921 (2024), where several justices questioned the propriety of universal injunctions. *Id.* at 921–28 (Gorsuch, J., concurring, joined by Thomas, J. and Alito, J.); *id.* at 928–34 (Kavanaugh, J., concurring, joined by Barrett, J.). Since *Labrador*, the Attorney General says, the Supreme Court has confirmed that universal injunctions "likely exceed the equitable authority that Congress has granted to federal courts." *Motion Mem.*, Dkt. 149-1, at 15 (quoting *Trump v. CASA, Inc.*, 606 U.S. 831, 837 (2025)).

Meanwhile, Plaintiff's counsel contends that the holding in *CASA* should be interpreted narrowly, and cites *Washington v. Trump*, 145 F.4th 1013 (9th Cir. 2025), for the proposition that, after *CASA*, the Ninth Circuit has continued to affirm universal injunctions "where necessary to afford complete relief to the plaintiffs." *Resp.*, Dkt. 153, at 2–4.

"A district court has considerable discretion in fashioning suitable relief and defining the terms of an injunction." *Lamb-Weston, Inc. v. McCain Foods, Ltd.*, 941 F.2d 970, 974. But injunctive relief should be no more burdensome to the defendants than necessary to provide complete relief to the plaintiff before the

court. *CASA*, 606 U.S. at 852 (citing *Califano v. Yamasaki*, 442, U.S. 682, 702 (1979)); *see also Gill v. Whitford*, 585 U.S. 48, 68 (2018) ("[A] remedy must of course be limited to the inadequacy that produced the injury in fact that the plaintiff has established.").

In *CASA*, the Supreme Court held that "federal courts lack the authority to issue" universal injunctions. 606 U.S. at 856. Although the decision acknowledged that "[t]he complete-relief inquiry is more complicated for state respondents," and a universal injunction may be necessary "to provide the States *themselves* with complete relief," *id.* at 853 (emphasis in original), that does not describe the situation here. Indeed, the Court must be mindful that Dr. Seyb is the only plaintiff in this case. It must focus on the alleged harm to him, and tailor the injunction to remedy that harm.

The Court found that Dr. Seyb intends to perform medically indicated abortions that are currently unlawful under the challenged statutes. Dkt. 147, at 32. The Court also found that he intends to perform abortions to prevent the death of pregnant women from self-harm. *Id.* at 33. Performing such abortions would put Dr. Seyb at risk of serious criminal liability and suspension or revocation of his medical license. *Id.* at 34–37. This prospective enforcement injury is traceable to the Ada County Prosecuting Attorney and Attorney General of Idaho, the persons responsible for enforcing the challenged statutes. *Id.*

Given these circumstances, the Court finds that an injunction limited to Dr. Seyb will suffice to address the alleged harm. Although Dr. Seyb has third-party standing to assert the constitutional rights of his patients, complete relief does not require extending the injunction to nonparty physicians. The injunction therefore will be stayed only to the extent that it prohibits enforcement of the challenged statutes against persons other than Dr. Seyb.[1]

**ORDER**

**IT IS ORDERED that** Intervenor's Emergency Motion for Stay of Injunction Pending Appeal (Dkt. 149) is **GRANTED IN PART** and **DENIED IN PART**. Pending appeal, the injunction entered on August 13, 2026, Dkt. 147, is **STAYED** to the extent that it prohibits enforcement of the challenged statutes against persons other than Dr. Seyb. In all other respects, the motion is **DENIED**.

DATED: August 25, 2026

B. Lynn Winmill
U.S. District Court Judge

[1] To be sure, the Court would anticipate that the same reasoning and the same result would apply to any action brought by a physician facing the same situation as Dr. Seyb. But given the Supreme Court's decision in *CASA*, it is neither necessary nor appropriate for the Court to anticipate a situation or claim that is not before it.