UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

STACY SEYB, M.D.,

Plaintiff,

v.

MEMBERS OF THE IDAHO BOARD OF MEDICINE, in their official capacities; *et al.*,

Defendants.

Case No. 1:24-cv-00244-BLW

**MEMORANDUM DECISION AND ORDER**

## INTRODUCTION

Before the Court is Plaintiff Dr. Stacy Seyb's Motion to Amend the Court's Posttrial Order and Grant Declaratory Relief (Dkt. 154). For the reasons explained below, the Court will partly grant and partly deny the motion.

## BACKGROUND

Dr. Seyb, a maternal-fetal medicine specialist, brought his action individually and on behalf of his patients, alleging that Defendants' enforcement of Idaho's abortion laws—Idaho Code § 18-622 and Idaho Code §§ 18-8801–18-8808—violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment. *See* Dkt. 56. Dr. Seyb's amended complaint requested both declaratory and injunctive relief. *Id.*

On August 13, 2026, the Court issued an injunction prohibiting the Ada County Prosecuting Attorney and the Attorney General of Idaho from enforcing the challenged statutes in situations where: (1) a physician has determined that continuation of a pregnancy poses a non-negligible risk of serious and lasting harm to the health of the pregnant woman; and (2) a physician has determined that abortion is necessary to prevent a non-negligible risk that continuation of the pregnancy will result in the death of the pregnant woman from self-harm. *See* Dkt. 147.

The following week, the Attorney General filed a notice of appeal, as well as an emergency motion to stay the injunction. *See* Dkts. 148, 149. After expedited briefing, the Court granted the Attorney General's motion only to the extent that it asked the Court to limit the scope of the injunction to Dr. Seyb. Dkt. 156.

A few days after the Attorney General filed his notice of appeal, Dr. Seyb filed a motion to amend the Court's posttrial order. Dkt 154. Specifically, Dr. Seyb asked the Court to issue the following declarations:

a. The Due Process Clause of the Fourteenth Amendment protects the right to life- and health-preserving abortions;

b. Insofar as the Defense of Life Act, Idaho Code § 18-622, or the Fetal Heartbeat Act, Idaho Code § 18-8804, prohibits abortion in cases where a physician has determined, in his or her good faith medical

judgment, that abortion is necessary to prevent a non-negligible risk that continuation of the pregnancy will result in the death of the pregnant woman from self-harm, it violates the Due Process Clause of the Fourteenth Amendment;

c. Insofar as the Defense of Life Act, Idaho Code § 18-622, or the Fetal Heartbeat Act, Idaho Code § 18-8804, treats pregnant people who face a risk of death from mental health conditions differently than pregnant people who face a risk of death from other medical conditions, it violates the Equal Protection Clause of the Fourteenth Amendment; and

d. Insofar as the Defense of Life Act, Idaho Code § 18-622, or the Fetal Heartbeat Act, Idaho Code § 18-8804, prohibits abortion in cases where a physician has determined, in his or her good faith medical judgment, that continuation of the pregnancy poses a non-negligible risk of serious and lasting harm to the health of the pregnant woman, it violates the Due Process Clause of the Fourteenth Amendment.

Dkt. 154 at 2–3.

## LEGAL STANDARD

Ordinarily, "[o]nce a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed." *Nat. Res. Def. Council, Inc. v. Sw.*

*Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). "This rule is judge-made; its purpose is to promote judicial economy and avoid the confusion that would ensue from having the same issues before two courts simultaneously." *Sw. Marine*, 242 F.3d at 1166 (citations omitted).

But the principle of exclusive appellate jurisdiction is not absolute. *Id.* One critical exception arises under Federal Rule of Appellate Procedure 4(a)(4)(B)(i). If a party files a notice of appeal after the district court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—then the notice becomes effective to appeal a judgment or order, in whole or in part, only when the order disposing of the last remaining motion is entered. Fed. R. App. P. 4(a)(4)(B)(i).

The motions listed under Rule 4(a)(4)(A) include a motion "to amend or make additional findings under Rule 52(b) and a motion "to alter or amend the judgment under Rule 59." Fed. R. App. P. 4(a)(4)(A). The Advisory Committee notes explain that "a notice [of appeal] filed before the filing of one of the specified motions or after the filing of a motion but before disposition of the motion is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals." Fed. R. App. P. 4 advisory committee's note to 1993 amendment.

## ANALYSIS

### A. This Court Has Jurisdiction

In seeking modification, Dr. Seyb invokes Federal Rules of Civil Procedure 52(b) and 54(b), as well the Court's inherent authority. Those labels are not controlling, though; what matters is the substance of what Dr. Seyb is requesting.

Dr. Seyb asks the Court to grant a form of relief that he requested in his pleadings but that the posttrial order did not address. The Court therefore will construe Dr. Seyb's motion as a request to alter or amend the judgment under Rule 59(e).

A Rule 59(e) motion must be filed "no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). Dr. Seyb timely filed his motion to amend just eight days after the posttrial order was entered. Accordingly, the Attorney General's notice of appeal is suspended until the Court enters an order disposing of Dr. Seyb's motion.

### B. Declaratory Relief Is Appropriate

Dr. Seyb also invokes the Declaratory Judgment Act, 28 U.S.C. §§ 2001–2022, which provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the Untied States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such

declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

The Act confers "unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). Declaratory relief is appropriate when it "will serve a useful purpose in clarifying and setting the legal relations in issue" and "will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Eureka Fed. Sav. & Loan Ass'n v. Am. Cas. Co.*, 873 F.2d 229, 231 (9th Cir. 1989).

The Attorney General argues that declaratory relief is unnecessary because Dr. Seyb has already obtained an injunction. Dkt. 164 at 4. He asserts that the injunction "was sufficient to adjudicate all pending claims and result in a final appealable order." *Id.*

But "[t]he existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate." Fed. R. Civ. P. 57. What is more, the Supreme Court has long recognized that declaratory relief serves a distinct function and was intended "to act as an alternative to the strong medicine of the injunction. *Steffel v. Thompson*, 415 U.S. 452, 466 (1974).

### C. Dr. Seyb's Proposed Declarations Sweep Too Broadly

The Court's authority to grant declaratory relief is not unlimited, however. "Ordinarily a declaratory judgment will result in precisely the same interference with and disruption of law enforcement activities as an injunction, and therefore the practical effect of injunctive and declaratory relief will be virtually identical." *Olagues v. Russoniello*, 770 F.2d 791, 803 (9th Cir. 1985) (quoting *Samuels v. Mackell*, 401 U.S. 66, 72 (1971)). Thus, the Ninth Circuit has concluded that "the same general equitable principles" should apply to both. *Id.*

In *Trump v. CASA, Inc.*, the Supreme Court confirmed that the boundaries of traditional equitable relief prevent a district court from granting injunctive relief to or against non-parties. 606 U.S. 831, 837 (2025). Indeed, the Court relied on the holding in *CASA* when it limited the scope of the injunction in this case. *See* Dkt. 156 at 4. The Supreme Court also noted that the same limits apply to declaratory relief. 606 U.S. at 844 ("[N]either declaratory nor injunctive relief . . . can directly interfere with enforcement of contested statutes or ordinances except with respect to the particular federal plaintiffs.") (quoting *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975)).

Dr. Seyb contends that the holding in *CASA* does not limit the scope of district courts' authority under the Declaratory Judgment Act. Dkt. 170 at 6. But even by its own terms, the Act authorizes a court to declare "the rights and other

legal relations of *any interested party seeking such declaration*." 28 U.S.C. § 2201(a) (emphasis added).

Here, the only interested party seeking a declaration is Dr. Seyb. The Court has already determined that complete relief for Dr. Seyb does not require extending relief to non-party physicians. Dkt. 145 at 4–5. Thus, to the extent that Dr. Seyb's requested remedy would apply to non-party physicians, it would stress the boundaries of traditional equitable relief. It also would conflict with this Court's prior ruling and result in precisely the "confusion and inefficiency" that the divestiture rule was intended to prevent. *Masalosalo* v. Stonewall Ins. Co., 718 F.2d 955, 956 (9th Cir. 1983).

To be sure, this Court has already explained that it would anticipate that the same reasoning and result would apply to any other physician in Dr. Seyb's situation. Dkt. 156 at 5 n.1. But the declaration in this case must speak only to the legal relations of the parties before the Court.

Again, Dr. Seyb proposes four declarations. The Court will revise two of them and decline to issue the other two.

First, Dr. Seyb asks the Court to declare, in general terms, that "[t]he Due Process Clause of the Fourteenth Amendment protects the right to life- and health-preserving abortions." Dkt. 154 at 1. To the extent that Dr. Seyb asks the Court for a declaratory judgment that sets out abstract principles of constitutional law, the

Court will decline to grant the proposed declaration. Additionally, Dr. Seyb's proposed declaration is broader than the Court's Due Process holding, which applied only to health-preserving abortions. Dkt. 147 at 72. Consequently, the Court will decline to issue Dr. Seyb's first proposed declaration.

Second, Dr. Seyb asks for a declaration that the prohibition of abortions that are necessary to prevent the death of the pregnant woman from self-harm violates the Due Process Clause of the Fourteenth Amendment. Dkt. 154 at 1. But the Court decided the self-harm question under the Equal Protection Clause, not the Due Process Clause. Dkt. 147 at 74–77. Thus, the Court will decline to issue Dr. Seyb's second proposed declaration. It will address the self-harm question as set forth below.

Third, Dr. Seyb asks for a declaration that the challenged statutes violate the Equal Protection Clause of the Fourteenth Amendment insofar as they treat pregnant people who face a risk of death from mental health conditions differently from pregnant people who face a risk of death from other medical conditions. Dkt. 154 at 1. The Court's holding was narrower, though. It held that the State may not exclude self-harm from the death-of-the-mother exception. Id. at 74–77. The Court therefore will revise Dr. Seyb's third proposed declaration to reflect that holding.

Finally, Dr. Seyb requests a declaration that the challenged statutes violate the Due Process Clause of the Fourteenth Amendment insofar as they prohibit

abortion where continuation of the pregnancy poses a non-negligible risk of serious and lasting harm to the health of the pregnant woman. Dkt. 154 at 1–2. To the extent that Dr. Seyb's fourth proposed declaration accords with the Court's holding that the Due Process Clause protects the fundamental right to a health-preserving abortion, Dkt. 147 at 72, the Court will grant it. At the same time, the Court will tailor the declaration to reflect the equitable principles discussed above, thereby limiting the declaration to Dr. Seyb.

## ORDER

**IT IS ORDERED that:**

1. Plaintiff's Motion to Amend the Court's Posttrial Order and Grant Declaratory Relief (Dkt. 154) is **GRANTED IN PART** and **DENIED IN PART**.

2. The Court's Findings of Fact, Conclusions of Law, and Order (Dkt. 147) is **AMENDED** to include the following declaratory relief under 28 U.S.C. § 2201(a):

   a. Insofar as the Defense of Life Act, Idaho Code § 18-622, or the Fetal Heartbeat Act, Idaho Code § 18-8804, prohibits abortions in cases where Plaintiff Stacy Seyb, M.D., determines, in his good faith medical judgment, that continuation of the pregnancy poses a non-negligible risk of serious and lasting harm to the health of the pregnant woman, enforcement of the statute violates the Due Process Clause of the Fourteenth Amendment.

b. Insofar as the Defense of Life Act, Idaho Code § 18-622, or the Fetal Heartbeat Act, Idaho Code § 18-8804, prohibits abortions in cases where Plaintiff Stacy Seyb, M.D., determines, in his good faith medical judgment, that abortion is necessary to prevent a non-negligible risk that continuation of the pregnancy will result in the death of the pregnant woman from self-harm, the statute violates the Equal Protection Clause of the Fourteenth Amendment.

DATED: October 13, 2026

B. Lynn Winmill
U.S. District Court Judge