RAÚL R. LABRADOR
ATTORNEY GENERAL

YVONNE DUNBAR, ISB #7200
Chief Counsel

JAMES E. M. CRAIG, ISB #6365
Chief, Civil Litigation and
Constitutional Defense

AARON M. GREEN, ISB #12397
Assistant Solicitor General
KYLE D. GRIGSBY, ISB #10709
Deputy Attorneys General
Office of the Attorney General
P.O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
james.craig@ag.idaho.gov
aaron.green@ag.idaho.gov
kyle.grigsby@ag.idaho.gov

*Attorneys for Defendants Members of the Idaho Board of Medicine, and Jan Bennetts in her capacity as Ada County Prosecutor and Intervenor Attorney General Raúl Labrador*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| STACY SEYB, M.D.<br><br>*Plaintiff*,<br><br>v.<br><br>MEMBERS OF THE IDAHO BOARD OF MEDICINE, in their official capacities; *et al.*,<br><br>*Defendants.* | Case No. 1:24-cv-00244-BLW<br><br>**MEMORANDUM IN SUPPORT OF EMERGENCY MOTION TO STAY** |

## INTRODUCTION

The Court's recently issued declaratory relief is flawed for the same reasons as the injunctive relief that the declarations are intended to mirror: the declarations contradict the Supreme Court's decision in *Dobbs v. Jackson Women's Health Organization*, 597 U.S. 215 (2022), and they declare rights that are not carefully defined and that have no historical basis entitling them to constitutional protection. Dkt. 171. The Court has previously denied a motion to stay its injunctive relief based on these arguments. Dkt. 156 at 2. Nonetheless, Federal Rule of Appellate Procedure 8 requires that Defendants seek relief from this Court before seeking a stay from the Ninth Circuit. The Attorney General and Ada County Prosecutor therefore move the Court to stay the declaratory relief in this case. Additionally, because the Ninth Circuit has already administratively stayed this Court's final injunction pending emergency briefing at the circuit court, the Court should, at a minimum, stay its declaratory relief so long as the administrative stay and any stay pending appeal issued by the Ninth Circuit is in effect.

## LEGAL STANDARD

A party ordinarily may only "move [the Ninth Circuit] for a stay pending appeal if it first sought a stay in the district court, and the court 'denied the motion or failed to afford the relief requested.'" *Al Otro Lado v. Wolf*, 952 F.3d 999, 1006 n.5 (9th Cir. 2020) (quoting Fed. R. App. P. 8(a)(2)(A)(ii)).

In deciding to issue a stay, courts consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)); *see also Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

## ARGUMENT

For the reasons previously urged, the Attorney General and Ada County Prosecutor satisfy the four-factor test for a stay pending appeal. The parties incorporate that argument by reference. *See generally* Dkt. 149-1.

Separately, and at a minimum, the Court should stay its declaratory judgment pending resolution of the emergency stay request in the Ninth Circuit. The Ninth Circuit has already administratively stayed this Court's injunctive relief pending resolution of that emergency request. Dkt. 163. Yet the Court's order may allow Plaintiff to seek orders compelling compliance with the declaratory judgment. *Rodriguez Vazquez v. Hermosillo*, 816 F.Supp.3d 1234, 1243 (W.D. Wash. 2026). This is at odds with the administrative stay of the Court's final injunction that the declaratory judgment is intended to mirror.

## CONCLUSION

For the foregoing reasons, the Court should stay its declaratory relief pending appeal, and, at a minimum, stay the declaratory relief so long as the Ninth Circuit's administrative stay or any stay pending appeal remains in effect.

DATED: October 23, 2026

STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL

/s/ *James E. M. Craig*
JAMES E. M. CRAIG
Chief, Civil Litigation and
Constitutional Defense

*Attorney for Defendants Members of the Idaho Board of Medicine and Jan Bennetts in her capacity as Ada County Prosecutor and Intervenor Attorney General Raúl Labrador*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT on October 23, 2026, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Jamila Johnson
jjohnson@lawyeringproject.org

Tanya Pellegrini
tpellegrini@lawyeringproject.org

Paige Suelzle
psuelzle@lawyeringproject.org

Stephanie Toti
stoti@lawyeringproject.org

Wendy S. Heipt
wheipt@legalvoice.org

Ronelle Tshiela
Rtshiela@lawyeringproject.org

Joy Williams
jwilliams@lawyeringproject.org

Kelly O'Neill
koneill@legalvoice.org

*Attorneys for Plaintiff*

Dayton Reed
dreed@adacounty.id.gov
civilpafiles@adacounty.id.gov

*Attorney for Ada County Prosecuting Attorney*

/s/ *James E. M. Craig*
JAMES E. M. CRAIG