RAÚL R. LABRADOR
ATTORNEY GENERAL

YVONNE DUNBAR, ISB #7200
Chief Counsel

JAMES E. M. CRAIG, ISB #6365
Division Chief, Civil Litigation and
Constitutional Defense

AARON M. GREEN, ISB #12397
Assistant Solicitor General
KYLE D. GRIGSBY, ISB #10709
Deputy Attorneys General
Office of the Attorney General
P.O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
james.craig@ag.idaho.gov
aaron.green@ag.idaho.gov
kyle.grigsby@ag.idaho.gov

*Attorneys for Defendants Members of the Idaho Board of Medicine, and Intervenor Attorney General Raúl Labrador*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| STACY SEYB, M.D.<br><br>*Plaintiff,*<br><br>v.<br><br>MEMBERS OF THE IDAHO BOARD OF MEDICINE, in their official capacities; *et al.,*<br><br>*Defendants.* | Case No. 1:24-cv-00244-BLW<br><br>**MOTION FOR EXPEDITED DECISION AND/OR BRIEFING SCHEDULE CONCERNING MOTION TO STAY DECLARATORY RELIEF [DKT. 174]** |

Intervenor Attorney-General Raúl Labrador and Defendant Ada County Prosecuting Attorney move the Court to either immediately grant the requested stay of the Court's declaratory relief or enter an expedited briefing schedule concerning Defendants' pending motion to stay that relief (Dkt.174) filed October 23, 2026. Defendants request that the Court order Plaintiff to respond to Defendants' motion by November 4 and issue a ruling no later than November 6. Defendants filed their motion over a week ago. That motion raises the same arguments Plaintiff has already briefed before this Court and the Ninth Circuit. When moving to amend the judgment, Plaintiff claimed that his request for declaratory relief "would not raise any new issues." Dkt. 154-1 at 6. He would suffer no prejudice from an expedited decision and briefing schedule.

Good cause exists for the Court to expeditiously stay its order given the ruling of the Ninth Circuit on Friday, October 30, 2026, granting Defendants' emergency motion to stay the Court's memorandum decision and order enjoining the Attorney General and Ada County Prosecuting Attorney from enforcing Idaho's abortion statutes. *Seyb v. Members of Idaho Bd. of Med.*, ___ F.4th ____, 2026 WL 3268200 (9th Cir. Oct. 30, 2026) (order); *see also* Dkt. 176.

In granting Defendants' emergency motion to stay, the Ninth Circuit held that Defendants had made a strong showing of the likelihood of success on the merits of their appeal, and a strong showing of irreparable harm in the absence of a stay.

Specifically, the Ninth Circuit stated:

> Defendants have made a strong showing of likely success on the merits. The district court reviewed the history and tradition concerning abortions and concluded that "legal tradition has consistently shielded health-preserving abortions from prosecution." However, the Supreme Court in *Dobbs v. Jackson Women's Health Organization*, 597 U.S. 215 (2022), plowed the same ground and held that "the Constitution does not confer a right to abortion." *Id*. at 292. We think it unlikely that Dr. Seyb will be able to square the district court's perspective on the history and tradition concerning abortions with the Supreme Court's perspective in *Dobbs*.

> Defendants also make a strong showing of irreparable injury absent a stay. The Supreme Court in Dobbs held that "the authority to regulate abortion must be retu[r]ned to the people and their elected representatives." *Id*. At this time, Idaho has limited abortions to instances where "necessary to prevent the death of a pregnant woman." Idaho Code § [1]8-622(2)(a)(i). Indeed, Idaho Code § 18-601 states that Idaho has a "profound interest" in preserving fetal life and prefers "by all legal means, live childbirth over abortion." Accordingly, Idaho has a strong interest in limiting abortions to those allowed under its law. This interest clearly outweighs the potential harm to Dr. Seyb of having to abide by Idaho's law pending the resolution of this appeal.
>
> *Id.* at *1-2.

Because the Ninth Circuit has held that Defendants satisfy the stay factors for injunctive relief, this Court should hold the same is true as to declaratory relief. The declaratory relief was granted for the same merits reasons that underlaid the injunctive relief, and so the Ninth Circuit's holding that Defendants are likely to succeed on appeal, are going to suffer irreparable harm, and are therefore entitled to a stay is indistinguishable controlling law. *See Nichols v. Harris*, 17 F.Supp.3d 989, 993 (C.D. Cal. 2014) (citing *Gonzalez v. Arizona*, 677 F.3d 383, 389 n.4 (9th Cir. 2012) (for proposition that a published decision of a panel is binding authority); *Lair v. Bullock*, 798 F.3d 736, 747 (9th Cir. 2015) (according same binding authority to motions panel). Consequently, there is no reason the Court should delay entering a stay of the declaratory relief.

Plaintiff's counsel was contacted regarding this motion and Plaintiff's counsel indicated Plaintiff opposes this motion.

The Court should either grant Defendants' requested stay immediately or enter an expedited briefing schedule.

DATED: November 2, 2026.

STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL

/s/ *James E. M. Craig*
JAMES E. M. CRAIG
Division Chief, Civil Litigation and Constitutional Defense

*Attorney for Defendants Members of the Idaho Board of Medicine and Intervenor Attorney General Raúl Labrador*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY THAT on November 2, 2026, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

| | |
|---|---|
| Jamila Johnson<br>jjohnson@lawyeringproject.org | Tanya Pellegrini<br>tpellegrini@lawyeringproject.org |
| Paige Suelzle<br>psuelzle@lawyeringproject.org | Stephanie Toti<br>stoti@lawyeringproject.org |
| Wendy S. Heipt<br>wheipt@legalvoice.org | Ronelle Tshiela<br>Rtshiela@lawyeringproject.org |
| Joy Williams<br>jwilliams@lawyeringproject.org | Kelly O'Neill<br>koneill@legalvoice.org |

*Attorneys for Plaintiff*

/s/ *James E. M. Craig*
JAMES E. M. CRAIG