UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STACY SEYB, M.D.,<br><br>Plaintiff,<br><br>v.<br><br>MEMBERS OF THE IDAHO BOARD OF MEDICINE, in their official capacities; *et al.*,<br><br>Defendants. | Case No. 1:24-cv-00244-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Intervenor Attorney General Raúl Labrador and Defendant Ada County Prosecutor's Emergency Motion to Stay Declaratory Relief (Dkt. 174). For the reasons explained below, the Court will grant the motion.

## BACKGROUND

Dr. Seyb, a maternal-fetal medicine specialist, brought this action individually and on behalf of his patients, alleging that Defendants' enforcement of Idaho's abortion laws—Idaho Code § 18-622 and §§ 18-8801 through 18-8808—violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment. Dkt. 56.

After a five-day bench trial, the Court issued an injunction prohibiting the Ada County Prosecutor and the Attorney General of Idaho from enforcing the challenged statutes in situations where: (1) a physician has determined that continuation of a pregnancy poses a non-negligible risk of serious and lasting harm to the health of the mother; and (2) a physician has determined that abortion is necessary to prevent a non-negligible risk that continuation of the pregnancy will result in the death of the mother from self-harm. Dkt. 147.

The Attorney General immediately filed an appeal and an emergency motion to stay the injunction. Dkts. 148, 149. The Court granted the motion in part, limiting the scope of the injunction to Dr. Seyb. Dkt. 156.

Around the same time, Dr. Seyb filed a motion to amend the Court's posttrial order and grant declaratory relief. Dkt. 154. The Court granted Dr. Seyb's motion in part, issuing declaratory relief that tracked its modified injunction. Dkt. 171.

On October 23, 2026, the Attorney General and the Ada County Prosecutor filed the instant motion, asking the Court to stay its declaratory relief pending appeal. One week later, the Ninth Circuit granted Defendants' emergency motion to stay the Court's injunction. *Seyb v. Members of Idaho Bd. of Med.*, --- F.4th ---, 2026 WL 3268200, at *2 (9th Cir. Oct. 30, 2026).

## LEGAL STANDARD

In determining whether to issue a stay, courts consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Nken v. Holder*, 556 U.S. 418, 434 (2009) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). The first two factors are the most critical. *Washington v. U.S. Dep't of Educ.*, 167 F.4th 1241, 1245 (9th Cir. 2026) (citation omitted).

## DISCUSSION

The Ada County Prosecutor and the Attorney General ask the Court to stay its declaratory relief pending appeal to the Ninth Circuit. They contend that the Court's declaratory relief is flawed because it contradicts the Supreme Court's decision in *Dobbs v. Jackson Women's Health Organization*, 597 U.S. 215 (2022). Dkt. 174. They also highlight the Ninth Circuit's recent decision to stay the Court's injunction, arguing that because the Ninth Circuit held that Defendants satisfy the stay factors for injunctive relief, this Court should hold that the same is true as to declaratory relief. Dkt. 177 at 3.

Meanwhile, Dr. Seyb argues that Defendants cannot seek a stay of declaratory relief "pending appeal," because no final judgment has been entered in

a separate document pursuant to Federal Rule of Civil Procedure 58(a). Dkt. 179 at 2. And because 28 U.S.C. § 1292(a)(1) reaches interlocutory orders granting injunctions but not interlocutory orders granting declaratory relief, Dr. Seyb asserts that the Court's declarations cannot be appealed until a final judgment is entered. *Id.*

The Court will address Dr. Seyb's prematurity argument before turning to Defendants' motion to stay.

**A. Dr. Seyb's Prematurity Argument**

Dr. Seyb is correct that § 1292(a)(1) grants the courts of appeals jurisdiction over interlocutory orders "granting, continuing, modifying, refusing or dissolving injunctions," and that the statute says nothing about orders granting declaratory relief. 28 U.S.C. § 1292(a)(1). But the Court's declaratory relief is not interlocutory. Indeed, the Declaratory Judgment Act provides that a declaration "shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 U.S.C. § 2201(a).

What is more, the Court's declarations in this case are not freestanding. They were entered to mirror the injunction already on appeal, and Defendants correctly point out that that they could be used to obtain relief compelling compliance. Dkt. 174-1 at 2–3. An order that has "the practical effect" of granting an injunction, with serious and perhaps irreparable consequences, may be

appealable under § 1292(a)(1), even if not labeled an injunction. *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 84 (1981). Thus, Dr. Seyb's prematurity argument is unavailing.

## B. Defendants' Motion to Stay Declaratory Relief

In granting Defendant's emergency motion to stay the injunction in this case, the Ninth Circuit held that Defendants had made a strong showing of likely success on the merits. *Seyb*, 2026 WL 3268200, at *1. The court also held that they had made a strong showing of irreparable injury absent a stay, noting that Idaho has a strong interest in limiting abortions to those allowed under its laws. *Id.* at *2.

This Court strongly disagrees with the panel's decision for the reasons articulated in Judge Berzon's dissent, *id.* at *3–15 (Berzon, J., dissenting), and the analysis set forth in its own decision. *See* Dkt 47. Nonetheless, it remains bound by the law of the case. *See United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) ("Under the 'law of the case' doctrine, 'a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case.'").

Because the Court granted declaratory relief for the same reasons that it granted injunctive relief, the Ninth Circuit's holding that Defendants are entitled to a stay is controlling. Accordingly, the Court will grant Defendants' motion to stay.

## ORDER

**IT IS ORDERED** that Intervenor Attorney General Raúl Labrador and Defendant Ada County Prosecutor's Emergency Motion to Stay Declaratory Relief (Dkt. 174) is **GRANTED**.

DATED: November 10, 2026

B. Lynn Winmill
U.S. District Court Judge